**Joel F. TRAMMELL, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 93–774.

United States Court of Veterans Appeals.

Feb. 4, 1994.

As Amended Feb. 25, 1994.

Samuel M. Tumey, Liberty, MS, was on the pleadings, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, and Andrew J. Mullen, Sp. Asst. to the Asst. Gen. Counsel, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and MANKIN and HOLDAWAY, Judges.

HOLDAWAY, Judge:

On August 10, 1993, appellant, Joel F. Trammell, filed his Notice of Appeal (NOA) from a Board of Veterans' Appeals (BVA or Board) decision dated March 30, 1993. On December 6, 1993, the Secretary filed a motion to dismiss for lack of jurisdiction. The question before the Court presented by the

Secretary's motion is whether appellant has filed a timely NOA. The Court holds that it has jurisdiction in this appeal.

## BACKGROUND

On March 30, 1993, the BVA issued a decision denying appellant service connection for a chronic back disability. On August 10, 1993, appellant filed his NOA with the Court. On October 21, 1993, the Court ordered appellant to show cause why his appeal should not be dismissed for lack of jurisdiction. On November 8, 1993, appellant filed a response to the Court's order contending that the BVA did not mail a copy of the Board's decision to his representative, the Mississippi State Veterans Affairs Commission. Appended to his response was a letter dated October 28, 1993, from his accredited representative, Frank Godwin, who claimed that the last correspondence he had received from the VA was dated December 22, 1992, notifying him that appellant's claim had been forwarded to the BVA. Mr. Godwin further explained that he had requested appellant's claims file on September 28, 1993, and again on October 22, 1993, to determine whether the Board had issued a decision, but had not received the claims file from the VA.

On November 15, 1993, the Court ordered the Secretary to file a preliminary record with evidence demonstrating that the Board had mailed the decision in accordance with the requirements of 38 U.S.C.A. § 7266(a) (West 1991) and 38 U.S.C.A. § 7104(e) (West 1991). On December 6, 1993, the Secretary filed a preliminary record with a declaration from Robert Ashworth, Assistant Director of the Administrative Service of the Board, verifying that the Board had mailed a copy of the BVA decision to the Mississippi State Veterans Affairs Commission on March 30, 1993. In his declaration Mr. Ashworth stated:

> The Board's procedure for forwarding mail to the local office of the representative involves writing the name of the representing organization on the top right hand side of the decision along with the initials "VARO" followed by a comma and then city and state. Administrative personnel designate the local representative's copy

by a red arrow and forward it by "flat mail" to the appropriate regional office. The VA Central Office's contracted mailing service sends "flat mail" to the regional offices one or more times a week. The regional office is responsible for delivering the red arrowed mail to the appropriate representative's office. Administrative personnel also annotate the breifface, the Board's record, in a box marked "Rep." with the initials of the local representative.

> To the best of my knowledge and belief, the Board, on March 30, 1993, following standard procedure, forwarded a copy of the decision to the representative, Mississippi Veterans Affairs Board. The Board's record in the instant case reflects the initials "SDVA MS," which indicates that a copy was forwarded.

## ANALYSIS

■ This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress, and the Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2179, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski*, 928 F.2d 392 (Fed.Cir.1991); *Skinner v. Derwinski*, 1 Vet.App. 2 (1990). Pursuant to Rule 4 of the Court's Rules of Practice and Procedure and 38 U.S.C.A. § 7266(a), an NOA must be received by the Court within 120 days after the BVA decision is mailed to an appellant and to his or her representative.

■ The Secretary has conceded that the Board's decision was not sent directly to appellant's legal representative, but was sent instead to the regional office (RO) for distribution to appellant's representative. This procedure is not in accordance with 38 U.S.C.A. § 7104(e) which requires:

> After reaching a decision in a case, the Board shall promptly mail a copy of its written decision to *the claimant and the claimant's authorized representative* (if any) at the last known address of the claimant and at the last known address of such representative (if any).

(Emphasis added.) The statute requires that "the written decision must be mailed to both the claimant and the claimant's representative." *Chadwick v. Derwinski*, 1 Vet.App. 74, 76 (1990). Furthermore, the Board's procedure of mailing the representative's copy of the BVA decision to the RO for distribution is "clear evidence" rebutting the presumption of regularity that the Board properly mailed notice of its decision. *See Fluker v. Brown*, 5 Vet.App. 296, 297 (1993); *Ashley v. Derwinski*, 2 Vet.App. 307, 309 (1992). Under the Board's current procedure, the time involved in the distribution of the BVA decision first by "flat mail" to the RO, and then again by the RO to the appellant's representative counts against the 120 days within which the appellant must file an NOA at the Court. Furthermore, the time involved for the RO to distribute Board decisions to the veteran's representative may vary considerably from RO to RO. There is no procedure to ensure the RO's prompt delivery of the Board decision. Moreover, the procedure now used seems to presuppose that the representative's office is necessarily co-located with the RO. That may or may not be true. The best way to ensure that the representative receives notice is to comply with the statute and send the notice directly to the representative. Therefore, the Court holds that appellant filed his NOA with the Court in a timely fashion, and that it has jurisdiction over this appeal. The Secretary is directed to file the record on appeal in accordance with Rule 10 of the Court's Rules of Practice and Procedure.