**William J. LEO, Jr., Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 93–844.

United States Court of Veterans Appeals.

Nov. 27, 1995.

Frank J. Dana, III, was on the pleadings, Greenville, SC, for appellant.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; R. Randall Campbell, Deputy Assistant General Counsel; Thomas A. McLaughlin, Deputy Assistant General Counsel; David W. Engel and Vito A. Clementi were on the pleadings, for appellee.

Before FARLEY, IVERS, and STEINBERG, Judges.

IVERS, Judge:

On June 16, 1995, the Court issued an opinion regarding the timeliness of the appellant's Notice of Appeal (NOA). On July 7, 1995, the Secretary filed a motion seeking reconsideration (Mot. for Recon.) by the panel or, in the alternative, review by the full Court. The Court ordered the appellant to respond to the motion for reconsideration on August 8, 1995. The appellant filed his response on September 7, 1995.

The Secretary's motion for reconsideration presents several arguments. Consequently, we will grant the Secretary's motion for reconsideration in order to address those arguments and this opinion will issue in place of the original opinion issued on June 16, 1995. Although this opinion is substantially similar to the language of the original opinion, we have made several clarifying changes to the original language. The original opinion is withdrawn and the following is substituted therefore.

William J. Leo, Jr., appeals from a November 17, 1992, decision of the Board of Veterans' Appeals (BVA or Board). *William J. Leo,* BVA 92–26795 (Nov. 17, 1992). The issue before the Court is whether the appellant's Notice of Appeal (NOA), filed on August 30, 1993, was timely.

## I. FACTUAL BACKGROUND

In June 1990, the appellant filed an application with a VA regional office (RO) for service connection for a back condition, a nervous disorder, a stomach disorder, and numbness of the feet. In June 1990, the appellant also submitted a VA Form 23–22, captioned "APPOINTMENT OF VETERANS SERVICE ORGANIZATION AS CLAIMANT'S REPRESENTATIVE." In the space provided for the "NAME OF SERVICE ORGANIZATION RECOGNIZED BY [VA]," the appellant wrote:

THE AMERICAN LEGION
Greenville County
Veterans Affairs Office
Greenville County Square, Suite 1500
Greenville, S.[C]. 29601–3660.

Appellant's Supplemental Memorandum, Affidavit of William J. Leo, Jr., Exhibit A (filed Feb. 14, 1995). That address also was written in the space provided for the "NAME AND ADDRESS OF CHAPTER, POST OR UNIT." The same information regarding the appellant's service representative appears in two places on VA Form 21–22–1, captioned "ACKNOWLEDGEMENT OF APPOINTMENT AS CLAIMANT'S REPRESENTATIVE." *Id.* at Exhibit B.

The RO denied the appellant's claims in February 1991. The appellant filed a Notice of Disagreement in April 1991, and the RO sent a Statement of the Case to the appellant on June 24, 1991. The appellant filed a substantive appeal in July 1991. Following further development of the claim, the RO continued its denial of the claims in October 1991.

On November 17, 1992, the BVA issued a decision in the appellant's case. According to a Declaration of Robert L. Ashworth, the Assistant Director of the Administrative Service of the BVA, filed on November 4, 1993, by the Secretary in the proceedings before the Court, the Board mailed a copy of that decision to the appellant at his address via the United States Postal Service. According to a second Ashworth Declaration, filed by the Secretary on February 8, 1995, pursuant to routine Board procedure, the Board forwarded a copy of its November 1992 decision to the American Legion's national appeals office, co-located with the Board's Washington office, and sent another copy to the American Legion's local office in Columbia, South Carolina, via the flat mail procedure described in *Trammell v. Brown,* 6 Vet.App. 181, 182–83 (1994). The national appeals office of the American Legion received a copy of the Board decision on November 19, 1992. A representative of the Greenville, South Carolina, office of the American Legion, however, has stated that his files do not show that any such copy has ever been received by the Greenville office. *See* Affidavit of George Blevins, Supervisor/Director of the Greenville County Veterans Affairs Office, American Legion Representative (filed Feb. 14, 1995) (Blevins Aff.).

According to an affidavit filed by the appellant on November 24, 1993, he periodically made inquiries to the American Legion as to the status of his case. The appellant avers that he contacted a private attorney, Frank J. Dana, III, in March 1993 and asked him to inquire as to the status of his case. On April 13, 1993, Mr. Dana sent a letter to Thomas Holland, the Supervisor of the American Legion's Appeals and Special Claims Unit in Washington, D.C., inquiring whether the Board had issued a decision. In this letter, Mr. Dana wrote:

> In the course of a routine conversation about several other matters, Mr. Leo asked me about the appeal of his claim which is apparently still pending before the [B]oard of [V]eteran[s'] [A]ppeals. Your letter of February 12, 1992, indicated that you would soon be making a presentation on his behalf to the [B]oard. We would be interested to know whether the [B]oard has issued a ruling on this matter, and if not, when we may expect to receive the same.

On April 23, 1993, Mr. Holland responded:

> This is in reference to your letter of April 13, 1993, requesting the status of Mr. Leo's pending appeal.
>
> The Board of Veterans['] Appeals reached a decision on November 17, 1992. Mr. Leo should have received the decision shortly thereafter.

More correspondence ensued between the appellant's attorney and his service representative, following which the attorney contacted the RO by letter, seeking to obtain a copy of the BVA decision. On June 11, 1993, the RO sent a copy of the BVA decision directly to the appellant, indicating that the appellant could then forward the decision to his attorney. The Court received the appellant's NOA on August 30, 1993.

## II. ANALYSIS

■ This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress, and we may not extend our jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski,* 928 F.2d 392, 393–94 (Fed.Cir.1991); *Skinner v. Derwinski,* 1 Vet.App. 2, 3 (1990). Pursuant to Rule 4 of the Court's Rules of Practice and Procedure and 38 U.S.C. § 7266(a), an NOA must be filed with the Court within 120 days after notice of the BVA decision is mailed to an appellant and to his or her representative. *See Machado v. Derwinski,* 928 F.2d 389, 391 (Fed.Cir.1991) (compliance with 38 U.S.C. § 7266(a) is required, and Court is not authorized to extend 120-day period for filing NOA); *see also* Veterans' Benefits Improvement Act of 1994, Pub.L. No. 103–446, § 511, 108 Stat. 4645, 4670 (1994) (with respect to NOAs delivered or mailed to Court on or after November 2, 1994, Congress amended 38 U.S.C. § 7266(a) to reflect "mailbox rule," providing that NOA is deemed received on date of receipt if NOA is delivered or on date of United States Postal Service postmark if NOA is properly addressed to Court and mailed).

Under 38 U.S.C. § 7104(e),

> After reaching a decision in a case, the Board shall promptly mail a copy of its written decision to the claimant and the claimant's authorized representative (if any) at the last known address of the claimant and at the last known address of such representative (if any).

The statute is implemented in title 38 of the Code of Federal Regulations:

> After a decision has been rendered by the Board, all parties to the appeal and the representative, if any, will be notified of the results by the mailing of a copy of the written decision to the parties and their representatives at their last known addresses.

38 C.F.R. § 19.8 (1994).

■ In *Trammell,* 6 Vet.App. at 182–83, the Court invalidated the type of flat mail procedure used in this case, which involves sending copies of BVA decisions to the local RO for distribution to veterans' service organizations. In *Davis v. Brown,* 7 Vet.App. 298, 303 (1994), the Court held that the requirement in 38 U.S.C. § 7104(e) that the Board "mail" its decision to an appellant's representative "means that the BVA decision

must be correctly addressed, stamped with the proper postage, and delivered directly by the BVA into the custody of the U.S. Postal Service."

█ In this case, the appellant clearly designated the Greenville, South Carolina, office of the American Legion as the address of his representative before VA. *See* 38 U.S.C. § 5904(a) (providing for recognition by Secretary of representatives acting on behalf of claimants); 38 C.F.R. §§ 20.601 (claim may be prosecuted by only one recognized representative at any one time), 20.602 (providing for designation of representative from recognized organization), 20.603 (providing for designation of attorney as representative), 20.607 (providing that revocation of representative's authority to act on behalf of claimant must be sent in writing by claimant to agency of original jurisdiction or to Board if appellate record has been certified to Board for review) (1994). Indeed, the appellant provided the Greenville office's complete mailing address in two separate places on his VA Form 23–22 and on his VA Form 21–22–1. Thus, the appellant appointed the American Legion as his representative with the local office as the "last known address" for purposes of mailing a copy of any BVA decisions to his representative.

Given the appellant's specification of the address to be used for his representative, we need not address the more general question regarding whether, and if so, under what circumstances and for what purposes the national office of a veterans' service organization could be considered a claimant's representative. *See Davis,* 7 Vet.App. at 303. The appellant specified the Greenville, South Carolina, office as the address of his representative, and VA and the Board were required to direct all correspondence intended for the representative to the address he provided on the pertinent VA forms.

We thus hold that the Board did not comply with the statutory mailing requirement of 38 U.S.C. § 7104(e) because it failed to "mail" a copy of its decision to the address designated by the appellant for his service representative, i.e., the Greenville, South Carolina, office of the American Legion. We emphasize that it is the defect in the Board's

mailing procedure here which has served to rebut the presumption of regularity. As in *Trammell, Davis,* and this case, evidence that the Board's mailing procedures in general or in a specific instance did not qualify as mailing under 38 U.S.C. § 7104(e) rebuts the presumption of regularity.

█ A defect in mailing "can be cured by proof of actual receipt of a copy of the BVA decision by the veteran's representative." *Davis,* 7 Vet.App. at 303; *Fluker v. Brown,* 5 Vet.App. 296, 298 (1993); *Ashley v. Derwinski,* 2 Vet.App. 307, 311 (1992) (*Ashley II* ), *reconsidering* 2 Vet.App. 62 (1992) (*Ashley I* ). We now further hold that a defect in mailing to a claimant's representative can be cured only by receipt at the last known address of that representative. *See also Thompson v. Brown,* 8 Vet.App. 169, 181 (1995) (motion for review filed Sept. 5, 1995) (holding that BVA decision was actually received at specifically designated address of representative). A claimant can appoint a national veterans' service organization, but the claimant may also specify the address that may serve as the point of communication between VA or the Board and the veteran's service representative.

In this case, according to an affidavit from the Greenville office of the American Legion, no such copy has ever been received there. *See* Blevins Aff. at ¶ 2. Because the local Greenville, South Carolina, office of the American Legion was designated as the address of the appellant's authorized representative, the receipt by the national office of the American Legion could not cure the defect. *See Davis,* 7 Vet.App. at 303. Receipt of a copy of the BVA decision by the national appeals office on November 19, 1992, does not cure the defect because the Board was circumscribed in deciding where to mail a copy of its decision in this particular instance by the "last known address" of the appellant's representative as designated by the appellant himself.

Therefore, as in *Davis,* due to the mailing defect, the 120-day NOA filing period did not begin to run prior to the Court's receipt of the NOA (on August 30, 1993), and hence the appellant's NOA was filed in a timely fashion

and the Court has jurisdiction over this appeal. *Id.* at 303–04.

In his motion for reconsideration, the Secretary argues that the delivery by the Board to the national appeals office of a service organization, such as the American Legion, is sufficient to comply with the statutory obligation of mailing to a claimant's representative under 38 U.S.C. § 7104(e).

Specifically, he argues that the statutory and regulatory structure clearly gives the organization in general, and not the local office of the organization or any representative thereunder, the power of attorney to prosecute a claim on behalf of an individual claimant. He remarks that the statutory and the regulatory provisions regarding recognition of representatives provide only for the prosecution of a claim by an agent, an attorney, or an *organization,* not an individual representative or branch office within that organization. 38 C.F.R. §§ 14.631(c)(1), 20.601 (1994). Additionally, the Secretary argues, a claimant "gives the *organization* power of attorney to represent the appellant." 38 C.F.R. § 20.602 (1994); *see also* 38 C.F.R. § 14.631(c)(2) (1994). Furthermore, the Secretary points out that recognition of organizations is generally granted to organizations as a whole rather than to components thereof. *See* 38 C.F.R. § 14.628 (1994). Specifically, the motion for reconsideration notes that a local branch office of a national organization, such as the Greenville, South Carolina, office of the American Legion, could not be recognized as a national organization as described in 38 C.F.R. § 14.628(a)(2)(v) (1994) because the local office does not meet the criterion of geographical diversification. Consequently, since the organization is to be viewed as a whole, the Secretary continues, the local office of that organization is charged with knowledge of any documents received by the national appeals office, regardless of whether or not the documents have actually been sent by the Board to the local office.

Second, the Secretary argues that the practice of recognizing an organization as a whole reflects the unique position of the veterans' service organizations in that they represent claimants at different levels of the VA adjudication process from different offices. For instance, while the local office of an organization may represent a claimant before the RO, the national appeals office of that organization may pursue the claim before the Board in Washington, D.C. The Secretary posits that recognizing the Greenville, South Carolina, office of the American Legion as the instant appellant's sole representative would impose unduly formalistic requirements on that structure by requiring a claimant to execute a new power of attorney every time a different office of a service organization represents that claimant at a different level of the adjudication process. In support of that argument, the Secretary directs the Court's attention to the lack of any substantive participation by the Greenville, South Carolina, American Legion office in the prosecution of the appellant's claim in the instant appeal. The Secretary also includes several documents in support of the appellant's appeal originating from the Columbia, South Carolina, and Washington, D.C., offices of the American Legion. Motion for Reconsideration (Motion for Recon.), Exhibits 3–4.

Finally, the Secretary argues that, in the enactment of 38 U.S.C. § 7104(e), Congress codified the existing Board practice of mailing copies of its decisions to only the national office. Consequently, the Secretary concludes that recognizing the Greenville, South Carolina, office as the appellant's representative here would contravene Congress' intent.

The statutes and regulations referenced in support of the Secretary's argument do not explicitly or implicitly limit the manner in which a claimant may designate a specific address as the address of record for the receipt of correspondence from VA or the Board. The regulations apply solely to *who* may prosecute a claim before VA on behalf of an individual and the accreditation, by the Secretary, of organizations and representatives. Indeed, contrary to the Secretary's argument, the statutes and regulations do provide—indeed, they require—that individual representatives within those organizations be accredited. *See* 38 U.S.C. §§ 5901, 5902(a)(1), (b); 38 C.F.R. §§ 14.627(i) (definition of representative), 14.628(e)(4) (requirement that organization file with VA in-

formation relating to training of individual representatives), 14.629(a) (requiring organization to file with VA list of individuals it wishes to have accredited as representative of organization). As these regulations recognize, organizations, such as the American Legion, represent veterans through their individual accredited representatives.

However, as we have held, the Board is obligated both under 38 U.S.C. § 7104(e) and 38 C.F.R. § 19.8 to mail a copy of any decisions to the "last known address" of the representative. This statutory and regulatory structure permits a claimant to designate a specific point of communication or contact for any correspondence with his or her service representative. For purposes of *mailing,* the "last known address" of the representative is controlling. In this case, the appellant designated the Greenville office of the American Legion as that "last known address." The question of *representation* is a different matter that is not implicated on the facts of this case. The form required to appoint a veterans' service organization as a representative, VA Form 21–22, the successor to VA Form 23–22, in fact provides a claimant with an opportunity to designate a specific address for his or her representative while indicating that "[a]s long as this appointment is in effect the *organization* named herein will be recognized as the sole agent for the presentation of your claim before [VA] in connection with your claim or any portion thereof." (Emphasis added.)

The Court's holding today, i.e., that the Board is required to mail a copy of its decisions to the last known address of the representative and that a defect in such mailing can be cured only by actual receipt by that last known address, does not conflict with Congressional intent. In particular, the Secretary points to language appearing in a report of the Senate Committee on Veterans' Affairs for the proposition that the enactment of the Veterans' Judicial Review Act (VJRA) was intended to codify "an existing practice" of the Board with regard to mailing of copies of BVA decisions to representatives. S.REP. No. 418, 100th Cong., 2d Sess. 35 (1988). The language appearing in the report, however, does not endorse one particular method of mailing to representatives. On the contrary, the language describes the *general* Board practice of mailing copies of BVA decisions to claimants' representatives. Therefore, the language does not directly or indirectly address whether the Board is required to mail to the specific address designated by a claimant, or simply to *an* address, be it the national appeals office or another previously designated mailing address.

With respect to the Secretary's characterization of the Board's "existing practice," documents submitted in connection with the motion for reconsideration undercut the Secretary's position. For instance, Leonce J. Wilson, the Supervisor of the American Legion's Board of Veterans' Appeals Unit in Washington, D.C., declared that his office did not send the appellant a copy of the BVA decision; nor did his office forward a copy of the decision to the Greenville, South Carolina, American Legion office. Mot. for Recon., Exhibit 2. As this declaration indicates, the practice of the national appeals office of the American Legion is not to forward BVA decisions to its local office, even where, in this situation, the appellant had specified the Greenville office as the address of his representative.

Moreover, two letters from the Chairman of the Board to the National Service Director of the American Legion contradict the Secretary's representations regarding the Board's mailing practice. In a February 23, 1994, letter, the Chairman wrote: "In the past, the Board has mailed copies of decisions to the national *and local* offices of your organization through internal mail delivery at both central office and regional office locations." *Id.* at Exhibit 6. Such a statement from the Board Chairman presupposes (1) that there has not necessarily been a uniform practice of sending copies of Board decisions solely to the national office of an organization and (2) that, even if there had been such a general policy, the Board also had a policy of sending copies of its decisions to the local offices as well. Given the sparseness of the legislative history on the specific matter at issue, the ambiguity of the Chairman's own characterization of Board practices, and the indication by the Chairman that the Board's practices

are not and have not necessarily been consistent with the approach espoused by the Secretary in the motion for reconsideration, it can hardly be said that Congress ratified a particular address of a representative (i.e., national, as opposed to local) in 38 U.S.C. § 7104(e). *See Good Samaritan Hosp. v. Shalala,* 508 U.S. 402, ——, 113 S.Ct. 2151, 2161, 124 L.Ed.2d 368 (1993) (degree of deference owed to agency interpretation where such interpretation conflicts with earlier interpretation "will depend on the facts of individual cases"); *INS v. Cardoza–Fonseca,* 480 U.S. 421, 446 n. 30, 107 S.Ct. 1207, 1221 n. 30, 94 L.Ed.2d 434 (1987) ("An agency interpretation of a relevant provision which conflicts with the agency's earlier interpretation is 'entitled to considerably less deference' than a consistently held agency view.") (quoting *Watt v. Alaska,* 451 U.S. 259, 273, 101 S.Ct. 1673, 1681, 68 L.Ed.2d 80 (1981)); *Madison Galleries, Ltd. v. United States,* 870 F.2d 627, 631 (Fed.Cir.1989) (according United States Customs Service interpretation considerably less deference where Customs Service had not consistently adhered to such interpretation in past); *see also Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984) (in construing statute, court initially examines whether agency's construction violates plain meaning of statute and clearly expressed Congressional intent).

Finally, with respect to the Secretary's argument that the local office of a national organization is to be charged with knowledge of a BVA decision when the decision has been sent only to the national appeals office, we reiterate that the particular facts of this case counsel against such a pervasive application of constructive knowledge, especially in view of the disclaimer by the national office of the American Legion of any responsibility for sending a copy of the decision to the appellant or the local office. The appellant designated the Greenville office as the mailing address at least four separate times, on two different VA forms relating to the designation of a representative, and that address must control as the "last known address." For whatever reason the appellant may have chosen to do so (e.g., convenience, familiarity

with the Greenville office, a desire for more efficient communication with the local office), having been informed of the proper address for notification, the Board was required to mail a copy of its decision to that address.

The cases cited by the Secretary, *Brown v. Brown,* 8 Vet.App. 40, 43 (1995), and *Bell v. Derwinski,* 2 Vet.App. 611, 612 (1992) (per curiam order), do not support a contrary conclusion. In the former case, the Court's holding applied principles of agency in the context of an argument that a claimant should not be held accountable for the acts of his or her representative. *See* 3 C.J.S. *Agency* § 432 (1973) (while knowledge of agent is generally imputed to principal, knowledge of principal does not affect transaction except "where the principal consciously or negligently fails to communicate with the agent that his knowledge affects the transaction"); *see also id.* at § 434 (describing exceptions to general rule that agent's knowledge is imputed to principal). The latter case held that documents that were either generated by VA or submitted to VA prior to a Board decision were statutorily part of the record of proceedings before the Secretary and the Board as to that decision. *See* 38 U.S.C. § 7252(b). Neither of these cases applies to the instant fact pattern, where a claimant specifically designated an address as the address of record for his representative. Indeed, the statute at issue in this case required that the Board mail a copy of its decision to the Greenville office of the American Legion because that office's address had been provided as the "last known address of such representative." 38 U.S.C. § 7104(e).

We note that this case presents yet another instance of the continuing problems relating to the Board's processes for informing claimants in a timely fashion of decisions on their claims. With the enactment of the VJRA, Congress made the period for filing an appeal with the Court dependent on the mailing requirements in 38 U.S.C. § 7104(e), and we are bound to apply the statutory requirements with precision. We note, however, that a more certain method of accountability of mailing practices and of compliance with the statutory mailing requirement would

have been helpful in this appeal. *See Ashley I,* 2 Vet.App. at 67 (Ivers, J., concurring).

We also note that if the Secretary continues to experience problems in identifying a claimant's actual representative and the appropriate address for corresponding with such representative, the Secretary possesses the authority to take steps to solve that problem. *See* 38 U.S.C. § 501; *see also* 38 U.S.C. §§ 5901–04, 7104(e).

### III. CONCLUSION

Accordingly, we have jurisdiction over the appeal because the appellant's NOA was filed in a timely fashion. The case will now revert to the single judge, and the parties will proceed with this case in accordance with the Court's Rules of Practice and Procedure.