**Johnny E. HILL, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 94–1009.

United States Court of Veterans Appeals.

July 15, 1996.

Johnny E. Hill, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; and Andrew J. Mullen, Special Assistant to the Assistant General Counsel, were on the brief for appellee.

George T. Estry, Washington, D.C., was on the brief for the Veterans of Foreign Wars as amicus curiae.

Kenneth M. Carpenter, Topeka, KS, was on the brief for the National Organization of Veterans' Advocates as amicus curiae.

Before FARLEY, IVERS, and STEINBERG, Judges.

STEINBERG, Judge:

On this appeal to the Court from a July 1, 1994, Board of Veterans' Appeals (BVA) decision, the matter for the Court to decide initially is whether the appellant has filed a timely Notice of Appeal (NOA). The parties have filed pleadings, and two amicus curiae briefs and one amicus memorandum have been submitted. For the reasons that follow, the Court will hold that the NOA was not timely filed and will dismiss the appeal.

## I. Background

The pro se appellant, veteran Johnny E. Hill, filed a November 5, 1994, NOA from a July 1, 1994, BVA decision. Hence, his NOA was received 127 days after the date of the BVA decision. The Court issued a January 12, 1995, order requiring the Secretary to file a declaration addressing whether "the BVA provided a copy of its July 1, 1994, decision directly to the veteran's representative in accordance with 38 U.S.C. § 7104(e)". On February 9, 1995, the Secretary filed a response to the Court order, a motion to dismiss, and a declaration by BVA official Robert Ashworth, and argued that the mailing was proper under section 7104(e) because the declaration showed that the BVA had mailed a copy of its July 1, 1994, decision to the National Service and Legislative Headquarters of the Veterans of Foreign Wars (VFW) "[p]ursuant to instructions received from senior officials at the VFW".

On March 24, 1995, the Court ordered the Secretary to file documentation as to the veteran's designation of a representative, the referenced instructions from senior officials of the VFW, and the identity of the representative recognized by the Secretary. The Secretary filed a May 15, 1995, response to which was attached a copy of the veteran's Department of Veterans Affairs (VA) Form 23–22 (Appointment of Veterans Service Organization as Claimant's Representative) signed by the veteran on August 14, 1987, and filled in with "Veterans of Foreign Wars" in block 3 (NAME OF SERVICE ORGANIZATION RECOGNIZED BY VETERANS [sic] ADMINISTRATION) and "Department of Veterans Affairs, Camden County Court House, Camden, New Jersey 08101" in block 12 (NAME AND ADDRESS OF CHAPTER, POST, OR UNIT). The Secretary stated that he considered the veteran's representative to be the "VFW generally, rather than a specific national or local office of that organization" and that no BVA-specific form had been filed by the veteran as to his representative for proceedings at the

BVA. A second Ashworth declaration was attached, which stated that the VFW had not responded to an attached February 1994 letter from the BVA Chairman advising the VFW that "the Board would shortly commence mailing one copy of each decision, as to which VFW was the designated representative of the veteran, to the VFW's national appeals office or, if VFW chose otherwise and so advised the Chairman, to the office chosen by the organization."

On July 7, 1995, the Court ordered the Secretary to file a supplemental memorandum addressing why the Court should not find that the veteran had designated the state or local office of the VFW as his representative, and, if the Court so found, whether the NOA would be timely. The Court invited interested amici curiae to respond to the Secretary's response. On August 10, 1995, the Court granted the Secretary's motion to stay the appeal pending the Court's decision in *Leo v. Brown,* No. 93–844. The *Leo* opinion was issued on November 27, 1995, 8 Vet.App. 410 (1995), and the Secretary filed a February 20, 1996, response to the Court's July 7, 1995, order. The VFW and the National Organization of Veterans Advocates (NOVA) filed amicus briefs in response.

The VFW amicus noted that it had responded informally to the BVA Chairman's February 1994 letter. On April 11, 1996, the Court requested that the VFW file a supplemental memorandum addressing whether any VFW service officer had an office or received mail at the address specified by the veteran in block 12 of his VA Form 23–22, and ordered the Secretary to file a supplemental memorandum as to whether VA or the BVA and the VFW national organization had agreed on an address for the mailing of copies of BVA decisions. The VFW filed an April 25, 1996, supplemental memorandum, and the Secretary filed a May 10, 1996, second supplemental memorandum. Attached to the Secretary's memorandum were a May 3, 1996, declaration of Charles Cragin, Chairman of the BVA, detailing an agreement between the BVA and recognized national veterans service organizations concerning the mailing of copies of BVA decisions (Exhibit (Ex.) I); a copy of a February 23, 1994, letter from Chairman Cragin to the VFW in regard to its designating an address for such mailings (Attachment A to Ex. I); a copy of a May 18, 1994, letter from Chairman Cragin to the VFW stating that the BVA's new mailing procedure would apply to BVA decisions rendered on or after June 1, 1994 (Attachment B to Ex. I); and a February 12, 1996, document characterized by the Secretary as a list of current addresses used for mailing the official copies of BVA decisions to Washington, D.C.-based service organizations (Ex. II). The appellant did not file a response to the Secretary's pleadings within the 30 days allotted for such a filing.

## II. Analysis

■ To be timely filed under Rule 4 of this Court's Rules of Practice and Procedure and precedents construing 38 U.S.C. § 7266(a), an NOA must be filed with the Court within 120 days after the BVA decision was mailed to a VA claimant and any authorized representative thereof pursuant to 38 U.S.C. § 7104(e). *See Butler v. Derwinski,* 960 F.2d 139, 140–41 (Fed.Cir.1992). This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178–79, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski,* 928 F.2d 392 (Fed.Cir.1991); *Skinner v. Derwinski,* 1 Vet.App. 2 (1990).

This Court and the U.S. Court of Appeals for the Federal Circuit have held that timely filing of an NOA is jurisdictional; that is, if an NOA is not filed with this Court within the 120–day judicial-appeal period, the appeal must be dismissed. *See Butler, supra; see also Calma v. Brown,* 9 Vet.App. 11, 15–16 (1996) (content requirements for NOA); *Rosler v. Derwinski,* 1 Vet.App. 241, 245–46 (1991) (judicial-appeal period is tolled when motion for BVA reconsideration is filed within 120–day appeal period). However, in order to know when the 120–day period has expired, it is necessary to know the date when the BVA mailed the decision pursuant to 38 U.S.C. § 7104(e), which provides:

After reaching a decision in a case, the Board shall promptly mail a copy of its

written decision to the claimant and the claimant's authorized representative (if any) at the last known address of the claimant and at the last known address of such representative (if any).

38 U.S.C. § 7104(e).

In *Ashley v. Derwinski* and *Trammell v. Brown*, the Court held that BVA's mailing obligation under section 7104(e) is to mail copies of its decision to both the claimant and any representative, and that a defect in mailing to either one can toll the start of the 120–day period. *Ashley,* 2 Vet.App. 307, 311 (1992); *Trammell,* 6 Vet.App. 181, 183 (1994). In *Ashley,* the Court held that there is a "presumption of regularity" that "the Secretary and the BVA properly discharged their official duties by mailing a copy of a BVA decision to the claimant and the claimant's representative, if any, on the date the decision is issued", and that that presumption can be overcome only by "clear evidence to the contrary". *Ashley,* 2 Vet.App. at 308–09; *see also Davis v. Brown,* 7 Vet.App. 298, 300 (1994). In *Trammell,* the Court held that the presumption of regularity in mailing was rebutted where the Board had used a combination of internal, private contractor, and U.S. Postal Service distribution ("flat mail") to send the representative's copy of the BVA decision to the appropriate VA regional office for delivery to the representative. *Trammell, supra.* In *Davis,* the Court held that the phrase "the BVA shall promptly mail" in section 7104(e) means that the BVA decision "must be correctly addressed, stamped with the proper postage, and delivered directly by the BVA into the custody of the U.S. Postal Service". *Davis,* 7 Vet.App. at 303.

▮ When the presumption of regularity in mailing is rebutted because of clear evidence of a defect in mailing, the burden shifts to the Secretary to establish that the BVA decision was mailed to the "last known address" of the claimant and the claimant's representative as required by section 7104(e). *See Leo,* 8 Vet.App. at 413; *Davis, supra; Ashley,* 2 Vet.App. at 309. A defect in mailing can be "cured" by proof of actual receipt. *See Ashley,* 2 Vet.App. at 311. The Secretary generally bears the burden of showing the fact of receipt on or by a date certain.

*See Davis,* 7 Vet.App. at 303; *see also Pepitone v. Brown,* 8 Vet.App. 31, 32 (1995) (Secretary submitted evidence of receipt by claimant's representative); *cf. Ibeling v. Brown,* 8 Vet.App. 256, 259 (1995) (citing appellant's letter as evidence of receipt of BVA decision); *Ashley, supra* (citing evidence in "appellant's own records").

In *Leo,* the Secretary argued that in the case of a recognized national veterans service organization, the organization as a whole was the representative, and that the mailing to the organization's national office was therefore sufficient to comply with section 7104(e). *Leo,* 8 Vet.App. at 414. The Court decided in that case that it did not need to reach the question of which office, national or local, was the representative, because the veteran had designated the address of the local office in blocks 3 and 12 of the Form 23–22, and that local address was thus the "last known address" of the representative for purposes of compliance with section 7104(e). Because of the clear evidence that the copy of the BVA decision had not been "mailed" to the last known address of the representative, the presumption of regularity in mailing was rebutted and the Court held that the NOA was timely filed because there was no evidence that the designated local office had ever received a copy of the BVA decision. *Id.* at 413.

In *Thompson v. Brown,* where the presumption of regularity in mailing was rebutted by the BVA's use of the flat mailing process invalidated in *Trammell, supra,* to mail a copy to a particular office of the veteran's state representative designated in block 3 of the veteran's Form 21–22, the Court held that, just as in *Leo, Davis,* and *Trammell,* the Secretary had not responded by demonstrating mailing in compliance with section 7104(e). *Thompson,* 8 Vet.App. 169, 180 (1995), *recons. and reaff'd,* 9 Vet.App. 173 (1996). However, the Court found that a copy of the BVA decision had been received at the designated address of the state representative almost a year before the NOA was filed with the Court, and the Court thus dismissed the appeal for lack of a timely filed NOA. *Id.* at 181.

In *Pittman v. Brown*, the Court held that where the claimant had named a recognized national service organization in block 3 with "(Anywhere)" written beneath in that block and where the BVA had mailed the decision copy to a national office of the representative, "it appears that the appellant authorized the BVA to send a copy of its decision to any office of the appellant's representative", and the appeal was dismissed due to an untimely NOA filing. *Pittman*, 9 Vet.App. 60, 62 (1996). Neither *Leo*, nor *Thompson*, nor *Pittman* addressed the situation where block 3 contains no address.

The Court finds in this case that copies of the BVA decision were mailed via the U.S. Postal Service to a national office of the representative and by "flat mail" to a local office. The Secretary's February 20, 1996, supplemental memorandum stated that actual receipt by the local office had occurred on July 12, 1994. Supplemental Memorandum (Suppl.Mem.) at 8, Ex. 1. No address was listed in block 3 of the Form 23–22, and an address of a Camden, New Jersey, office of the State of New Jersey Department of Military and Veterans Affairs was listed in block 12. Secretary's Mem. at 3 n. 2; VFW Brief (Br.) at 3; VFW Suppl.Mem. at 1–2. If the address of the VFW national office was the "last known address" of the representative, then the mailing was in accord with 38 U.S.C. § 7104(e), *see Davis, supra*, the presumption of mailing was not rebutted, and the NOA is untimely. If the address of the State of New Jersey office or the local VFW office was the "last known address" of the representative, then the presumption of regularity in mailing was rebutted, and the NOA was timely filed based on the lack of evidence of receipt by the state office, *see Thompson*, 8 Vet.App. at 180, and based on actual receipt by the local VFW office on July 12, 1994, *see Leo, supra*. Reaching the question left open in *Leo*, the Court must now determine which block is controlling for purposes of determining the "last known address" of the representative, and, if block 3 is controlling, what the address of the representative is when block 3 contains no address.

As to block 12, the Secretary, in his May 15, 1996, memorandum, points to the language on the Form 23–22 that is below block 3 and above block 12 [hereinafter called "the purpose clauses"]:

> I hereby appoint the above-named service organization as my representative to present my claim before [VA] ... and to receive any information from [VA] in connection therewith.

> The accredited representative (check one) [ ] is authorized, [ ] is not authorized to disclose information necessary in the development of my claim to the local organization named below.

The Secretary concludes that the address requested in block 12 is solely for the purpose of authorizing the disclosure of information by the "accredited representative" to the named "local organization" for purposes of facilitating local communication with the claimant by the service organization.

The VFW argues that block 12 "is specific in its instructions to be used for the sole purpose of allowing the dissemination of information concerning the claim to a third party so designated by the claimant." Br. at 1. Although it did not deal specifically with block 12, the NOVA brief did state that it "supports the position of amicus curiae [VFW]". *Ibid.*

Upon inspection of the form and the role of the purpose clauses therein, the Court agrees with the Secretary and the amici, and holds that the address in block 12 does not bear on the question of the "last known address" of the representative named in block 3, because the purpose clauses show that block 12 (which does not itself specify its function) is for the purpose of authorizing the "accredited representative" (a reference to the "service organization" representative named in block 3) to disclose information to the "local organization named below", that is, in block 12 of the form. The address listed in block 12 in the instant case illustrates this usage, because the New Jersey State Department of Military and Veterans Affairs is not an office of the VFW, which was the organization designated in block 3 as the veteran's service organization representative. Hence, the Court holds that any information provided by a claimant in block 12 can relate only to the designation of a local organization to receive

claims information from the national "service organization" representative designated in block 3 and cannot serve to identify the name or address of the block 3 representative.

The Court now must determine the "last known address" of the representative when block 3 contains the name of a national service organization but no address. In *Ashley,* the Court noted that "it was not disputed" that the service organization was the veteran's representative, and that the "claims file contains the power of attorney form designating the [service organization], although, it must be noted, no address is listed for [it] on the form". *Ashley,* 2 Vet.App. at 310. That service organization had a contract with a legal services provider, and an issue in *Ashley* was whether the BVA routinely sent decisions to the service organization or to the legal services provider. *Ashley* did not decide the issue of whether the national or local office of a service organization is the "representative", but the Court concluded there: "If the [service organization] expects to receive transmissions from the BVA, then it is incumbent upon the [service organization] to provide an address of record; if the [legal services provider] expects copies of decisions directly by mail, then [such] specificity is required." *Id.* at 312. *Ashley* thus places on the recognized national service organization the responsibility for providing a mailing address for purposes of receipt of BVA decision copies.

The Secretary, in his February 20, 1996, response to the July 7, 1995, Court order, argues that where no address was specified for the representative on the Form 23–22 the claimant has deferred to the BVA to send the decision to the address it selects for the representative. If the Court were to hold that when no address is provided in block 3 VA is authorized to mail the decision to the office of its choice, an equitable concern would arise, namely, that the instructions for block 3 provide for only a name to be entered, not an address. Specifically, block 3 states: "NAME OF SERVICE ORGANIZATION RECOGNIZED BY VETERANS [sic] ADMINISTRATION (*See list on reverse side before selecting organization*)", and no addresses are given for the organizations (including the VFW) listed on the back of the form. Thus, a claimant who wishes to designate a local office as his or her representative, or a local office address as the address of his or her representative, is left in the dark as to how to do so and still follow the instructions on the form, because the form provides no instructions on listing an address. This is an important omission, especially in light of *Leo*'s emphasis on the "last known address" of the representative for purposes of determining compliance with section 7104(e). This situation illustrates why the Secretary would be well advised to revise the VA form used for designation of a service-organization representative for VA claims-adjudication purposes. As the Court admonished in *Leo:*

> We note that this case presents yet another instance of the continuing problems relating to the Board's processes for informing claimants in a timely fashion of decisions on their claims....
>
> We also note that if the Secretary continues to experience problems in identifying a claimant's actual representative and the appropriate address for corresponding with such representative, the Secretary possesses the authority to take steps to solve that problem. *See* 38 U.S.C. § 501; *see also* 38 U.S.C. §§ 5901–04, 7104(e).

*Leo,* 8 Vet.App. at 416–17.

Since the time *Ashley* was decided, and in response to the Court's invalidation in *Trammell, supra,* of the "flat mail" system and the holding in *Davis, supra,* as to the meaning of "mailing" in section 7104(e), many recognized national service organizations have designated to the BVA a specific address for the mailing of BVA decision copies. According to pleadings filed by the Secretary and amicus VFW, a May 18, 1994, letter from BVA Chairman Cragin to recognized national service organizations stated that as of June 1, 1994:

> [The BVA] will mail one copy of each decision in which your organization is the designated representative to your national appeals office or to such other mailing address as you have previously designated in response to my letter of February 23, 1994.... An additional copy will be transmitted by the Department's internal mail

delivery system ("flat mail") to regional office locations for further distribution to your local representatives.

Secretary's Second Suppl.Mem. (Attachment B to Ex. I). According to the May 3, 1996, declaration by Chairman Cragin, Ex. I, attached to the Secretary's May 10, 1996, pleading, national VFW officials at a March 14, 1994, meeting with BVA officials designated as the mailing address for copies of BVA decisions the address of the VFW executive office at 200 Maryland Avenue in Washington, D.C., the address to which the representative's BVA decision copy was mailed in this case. In addition, the Court notes that other recognized national service organizations have apparently either designated addresses for the mailing of BVA decision copies or are receiving such copies at their national BVA appeals offices. *See* Secretary's Second Suppl.Mem. at 7, Ex. II.

In view of the BVA's undertaking, as set forth in the May 18, 1994, letter from Chairman Cragin, to mail a BVA decision copy to the national BVA appeals office or such office as designated by the national service organization, and the Court's analysis in *Ashley, supra,* the Court holds that in the case of (1) a post-May 31, 1994, BVA decision, (2) where the claimant has named a recognized national service organization in block 3 of a valid Form 23–22 or its equivalent, but (3) has not specified an address in block 3, and (4) where a recognized national service organization has, as of the date of the BVA decision, designated to the BVA an address for the mailing of BVA decision copies, that designated address is the "last known address" of the representative for purposes of mailing the representative's BVA decision copy pursuant to section 7104(e). In the case of (1) a post-May 31, 1994, BVA decision, (2) where the claimant has named a recognized national service organization in block 3 of a valid Form 23–22 or its equivalent, but (3) has not specified an address in block 3, and (4) the representative named in block 3 has *not* designated an address for the mailing of BVA decision copies, the last known address of the representative will be considered to be the representative's national appeals office, colocated with the BVA, or any other national office of that representative.

Accordingly, pursuant to the presumption of regularity in mailing, *see Leo,* 8 Vet.App. at 413; *Ashley,* 2 Vet.App. at 309, in a case with a post-May 31, 1994, BVA decision where the claimant has designated a recognized national veterans service organization representative but did not specify an address in block 3, it will be presumed that any mailing of a copy of such a BVA decision was properly carried out by mailing to that designated representative's last known address in compliance with section 7104(e), and such presumption may be rebutted by the claimant by showing that the decision copy was not, in fact, mailed to the address designated by the representative, or, in the situation where the representative has not designated an address for receipt of BVA decision copies, that the decision was not mailed to a national office of the representative. As to a mailing of a BVA decision copy to a national veterans service organization *before* June 1, 1994, the questions of any designation of a mailing address and the date of such designation will have to be determined as part of the Court's finding of jurisdictional facts in that particular case. *See Stokes v. Derwinski,* 1 Vet.App. 201, 203 (1991) (Court has authority to find jurisdictional facts).

■ Applying the above principles to the circumstances of this case, the Court finds that the BVA decision date was after May 31, 1994, and that the national VFW had by that date designated to the BVA an address for the mailing of its decisions. The presumption of regularity in mailing therefore attached. The appellant has not shown that the decision was not mailed to his representative's designated address. Accordingly, the Court holds that a copy of the BVA decision was properly mailed to the last known address of the veteran's representative within the meaning of 38 U.S.C. § 7104(e), and that the NOA was thus not timely filed with this Court because it was not received by the Court within the 120–day period prescribed by 38 U.S.C. § 7266(a).

The Court wishes to clarify that its holding does not disturb the holding of *Leo* as to the situation where block 3 of a valid Form 23–22 designates an address for the named recog-

nized national service organization representative. When a claimant has specified an address in block 3 of a valid Form 23–22 or its equivalent, that address will be considered the "last known address" of the representative. *Leo,* 8 Vet.App. at 415. Similarly, the Court's holding today does not disturb the holding of *Pittman, supra,* where block 3 contained the notation "(Anywhere)" below the name of the representative, that a mailing to any office of that representative will be considered a mailing to the "last known address" of the representative.

### III. Conclusion

On the basis of the foregoing analysis and consideration of the pleadings filed in this matter, the Court holds that the veteran's November 5, 1994, NOA was filed after the expiration of the 120–day appeal period established by 38 U.S.C. § 7266(a), and the appeal is thus dismissed. The Court expresses its appreciation to the amici for their contributions to the resolution of this appeal.

APPEAL DISMISSED.