**Henry G. REICH, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 95–188.**

United States Court of Veterans Appeals.

Aug. 5, 1996.

Before HOLDAWAY, IVERS, and STEINBERG, Judges.

### ORDER

PER CURIAM.

On February 24, 1995, the appellant filed his Notice of Appeal (NOA) from an August 25, 1994, Board of Veterans' Appeals (Board or BVA) decision.

Because the appellant was represented before the BVA by the Disabled American Veterans (DAV) and in light of the Court's decision in *Davis v. Brown*, 7 Vet.App. 298 (1994), the Court ordered the Secretary to file (1) a copy of the VA Form 23–22 (Appointment of Veterans Service Organization as Claimant's Representative) and (2) a declaration addressing, inter alia, whether the BVA had mailed a copy of its August 25, 1994, decision directly to the appellant's representative in accordance with 38 U.S.C. § 7104(e) and, if the BVA had not, the Secretary was ordered to provide evidence of the representative's receipt. *See Davis, supra; Ashley v. Derwinski*, 2 Vet.App. 307, 310–11 (1992).

The Secretary has filed a copy of the VA Form 23–22 and a declaration from the Assistant Director of Administrative Service of the Board. Further, the Secretary has moved to dismiss this appeal for lack of jurisdiction. The appellant's VA Form 23–22 designates the DAV in block 3 with no specif-

ic address. The declaration asserts that (1) on August 25, 1994, the BVA mailed a copy of its decision to the DAV at its National Appeals Office, (2) there is no indication that the decision mailed to the DAV was returned as undeliverable, and (3) a second copy of the BVA decision was forwarded by "flat mail" to the local office of the DAV at the VA regional office.

In response to the Secretary's motion to dismiss, the appellant states that his appeal was mailed within 90 days and that his Congressman's secretary had also notified the Court prior to 120 days of his intent to appeal the BVA's decision. The Court notes that a copy of the appellant's NOA was received from the VA General Counsel's office on February 24, 1995, and that the Court has no record of receiving an NOA directly from the appellant.

■ The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252 (1992). To be timely under Rule 4 of this Court's Rules of Practice and Procedure and precedents construing 38 U.S.C. § 7266(a), an NOA must be filed with the Court within 120 days after the BVA decision is mailed to an appellant. *See Butler v. Derwinski*, 960 F.2d 139 (Fed.Cir. 1992); Pub.L. No. 103–446, § 511 (1994). This Court's jurisdiction derives exclusively from statutory grants of authority provided by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *Machado v. Derwinski*, 928 F.2d 389 (Fed.Cir.1991); *Dudley v. Derwinski*, 2 Vet.App. 602 (1992) (en banc order).

■ On his VA Form 23–22, the veteran identified a national service organization, the DAV, in block 3, gave no specific address, and entered the non-specific information "any post, county, city or state service offi-

cer" in block 12. The Court has recently held that in the case of a post-May 31, 1994, BVA decision, where the claimant has named a recognized national service organization in block 3 of a valid Form 23–22, but has not specified an address in block 3 and where the recognized national service organization has, as of the date of the BVA decision, designated to the BVA an address for the mailing of BVA decision copies, that designated address is presumed to be the "last known address" of the representative for purposes of mailing the representative's BVA decision copy pursuant to section 7104(e). *Hill v. Brown*, 9 Vet.App. 246, 252–53 (1996). *Hill* also held that information provided in block 12 does not bear on the designated representative's last known address. *Hill*, 9 Vet.App. at 250–51. Pursuant to instructions from senior officials of the DAV in effect at the time of the August 25, 1994, BVA decision, Board personnel were required to mail a copy of the decision to the DAV at 811 Vermont Avenue, NW, LAF–305, Washington, DC 20420. Secretary's Response to Court Order and Motion to Dismiss, Exhibit at 2. By mailing a copy of the BVA decision to the DAV's national office via the U.S. Postal Service on August 25, 1994, the BVA fulfilled the requirements of 38 U.S.C. § 7104(e), and, thus, the appellant's NOA, which was filed more than 120 days after the BVA decision, was not timely. *See Hill, supra; cf. Pittman v. Brown*, 9 Vet.App. 60 (1996).

On consideration of the foregoing, it is

ORDERED that the Secretary's motion is granted and this appeal is DISMISSED for lack of jurisdiction.