Gayamo PANIAG, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 95–728.

United States Court of Veterans Appeals.

May 21, 1997.

Linda E. Blauhut, Washington, DC, was on the pleadings for appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; and Andrew J. Mullen, Special Assistant to the Assistant General Counsel, Washington, DC, were on the pleadings for appellee.

Before FARLEY, HOLDAWAY, and IVERS, Judges.

IVERS, Judge:

The appellant appeals a May 2, 1994, decision of the Board of Veterans' Appeals (BVA or Board) denying her recognition as the foster parent of deceased veteran Ammakeo Paniag for purposes of receiving death benefits. The Secretary had filed a motion to dismiss for lack of jurisdiction, arguing that the appellant's Notice of Appeal (NOA) was not timely filed, and on April 16, 1996, the Court, by single judge order, denied the Secretary's motion to dismiss, holding that the BVA had failed to mail a copy of its decision in accordance with 38 U.S.C. § 7104(e). On November 4, 1996, the Secretary moved to vacate the Court's April 16, 1996, order, arguing that the Court's recent decision in *Hill v. Brown*, 9 Vet.App. 246 (1996), "clarified"

the law with respect to how a veteran must designate his representative on the claimant's power of attorney form. For the reasons that follow, the Court will revoke the April 1996 order, grant the Secretary's renewed motion, and dismiss the appeal for lack of jurisdiction.

## I. Background

On August 1, 1995, the appellant filed a Notice of Appeal (NOA) from the May 1994 BVA decision denying her status as the veteran's foster parent. The appellant also filed motions for reconsideration on August 31, 1994, and February 7, 1995, which were denied by the Chairman of the Board on October 24, 1994, and May 5, 1995, respectively. On October 2, 1995, the Secretary moved to dismiss the appellant's claim, contending that her NOA was not timely filed. The Court, on October 6, 1995, ordered the Secretary to file a declaration verifying that the BVA had provided a copy of its May 1994 decision directly to the appellant's national service representative in compliance with 38 U.S.C. § 7104(e). On November 6, 1995, the Secretary filed an affidavit given by the Assistant Director of the Board's Administrative Service, Mr. Robert L. Ashworth. In that declaration, Mr. Ashworth stated that the Board had mailed its decision to the appellant's service representative, The American Legion (AL), at its national appeals office in Washington, DC, in accordance with administrative procedures in effect at the time of the May 1994 decision. Mr. Ashworth also stated that the BVA had sent a "courtesy" copy to the AL office located at VA's regional office (RO) in the Philippines, via its "flat mail" procedure. *See Trammell v. Brown,* 6 Vet.App. 181, 182–83 (1994).

The Court issued another order on April 16, 1996, denying the Secretary's motion to dismiss the appellant's claim, deciding that the BVA had not properly mailed its decision to the appellant's designated representative in accordance with 38 U.S.C. § 7104(e) and that the appellant had filed an NOA with the Court in a timely fashion. In the April 1996 order the Court stated:

> The Secretary has filed a declaration from the Assistant Director of the Board's Administrative Service. The declaration

reflects that (1) the VA Form 23–22 designates The Accredited Representative, American Veterans Legion, U.S. Embassy Office Building, Roxas Boulevard, Manila, Philippines, and (2) the Board did not mail a copy of the decision to the representative in accordance with 38 U.S.C. § 7104(e). Further, the Board has no means of determining the exact date on which the representative received the BVA decision.

On November 4, 1996, the Secretary filed a motion to vacate the Court's April 1996 order and renewed its motion to dismiss the appellant's claim. In that motion, the Secretary argued that the Court had "mischaracterized" Mr. Ashworth's declaration as showing that the appellant had actually designated a particular AL office on her VA Form 23–22, Appointment of Service Organization as Claimant's Representative (VA Form 23–22). The Secretary noted that although the appellant had entered the local address for the AL office in the Philippines in Block 12 of the VA Form 23–22, she did not specify that local address in Block 3 of the form. *See Hill, supra.*

## II. Analysis

■■■ To be timely filed under Rule 4 of this Court's Rules of Practice and Procedure and precedents construing 38 U.S.C. § 7266(a), an NOA must be filed with the Court within 120 days after the BVA decision was mailed to a VA claimant and any authorized representative thereof pursuant to 38 U.S.C. § 7104(e). *See Butler v. Derwinski,* 960 F.2d 139, 140–41 (Fed.Cir.1992). The U.S. Court of Appeals for the Federal Circuit has held that timely filing of an NOA is jurisdictional; that is, if an NOA is not filed with this Court within the 120–day judicial-appeal period, the appeal must be dismissed. *See Butler, supra.* However, in order to know when the 120–day period begins to run, it is necessary to know the date when the BVA mailed the decision pursuant to 38 U.S.C. § 7104(e). When the BVA rendered its decision in this case, § 7104(e) provided:

> After reaching a decision in a case, the Board shall promptly mail a copy of its written decision to the claimant and the claimant's authorized representative (if any) at the last known address of the

claimant and at the last known address of such representative (if any).

38 U.S.C. § 7104(e) (1991), *amended by* Veterans' Benefits Improvement Act of 1996, Pub.L. 104–275, Title V, § 509, 110 Stat. 3344 (codified as amended at 38 U.S.C. § 7104(e)(1)-(2) (Supp.1997)) [hereinafter VBIA § 509]. The BVA's mailing obligation under § 7104(e) is to mail copies of its decision to both the claimant and any representative, and a defect in mailing to either one can toll the start of the 120–day period. *Ashley v. Derwinski*, 2 Vet.App. 307, 311 (1992); *Trammell*, 6 Vet.App. at 183.

■ In *Ashley*, the Court held that there is a "presumption of regularity" that "the Secretary and the BVA properly discharge their official duties by mailing a copy of a BVA decision to the claimant and the claimant's representative, if any, on the date the decision is issued," and that that presumption can be overcome only by "clear evidence to the contrary." *Ashley*, 2 Vet.App. at 308–09; *see also Davis v. Brown*, 7 Vet.App. 298, 300 (1995). When the presumption of regularity in mailing is rebutted because of clear evidence of a defect in mailing, the burden shifts to the Secretary to establish that the BVA decision was mailed to the "last known address" of the claimant and the claimant's representative as required by section 7104(e). *See Leo v. Brown*, 8 Vet.App. 410, 413 (1995). In *Trammell*, the Court held that the use of "flat mail" constitutes "clear evidence" of a defect in the mailing of a BVA decision, thereby rebutting the presumption of regularity. 6 Vet.App. at 183; *see also Hill* and *Leo*, both *supra*. "The phrase 'the BVA shall promptly mail' in 38 U.S.C. § 7104(e) means that the BVA decision must be correctly addressed, stamped with the proper postage, and delivered directly by the BVA into the custody of the U.S. Postal Service." *Davis*, 7 Vet.App. at 303. *But see* VBIA § 509 (amending § 7104 to allow the BVA to send a copy of its decision to the claimant's authorized representative "by any means reasonably likely to provide the authorized representative with a copy of the decision within the same time a copy would be expected to reach the authorized representative if it had been sent by first-class mail").

Section 7104(e) states that a copy of the BVA decision must be mailed to the "last known address" of the claimant's authorized representative. Focusing on that language, the Court held in *Hill* that Block 12 of VA Form 23–22 "does not bear on the question of the 'last known address' of the representative named in block 3.... Hence, ... any information provided by a claimant in block 12 ... cannot serve to identify the name or address of the block 3 representative." *Hill*, 9 Vet.App. at 250. Therefore, in order to designate a particular office of a national service organization a claimant must designate that office in Block 3 of the VA Form 23–22. *Ibid.*

■ The facts presented in this appeal are nearly identical to those in *Hill*, with the notable exception that the BVA decision in *Hill* was issued after May 31, 1994. In *Hill*, the appellant had typed "VFW" in Block 3 on his VA Form 23–22, but Block 3 did not contain a specific address of the VFW chapter. Similarly, in the present case, the appellant typed "The American Legion" in Box 3 of the VA Form 23–22, but did not indicate a specific address. Therefore, the appellant did not designate the local Philippines AL office as her representative, and, under *Hill*, the BVA was not required by § 7104 to mail a copy of its decision to the Philippines office.

The appellant argues that *Hill* applies only to BVA decisions dated after May 31, 1994. In support of her argument, the appellant relies upon the following quote from the *Hill* opinion:

As to a mailing of a BVA decision copy to a national veterans service organization *before* June 1, 1994, the questions of any designation of a mailing address and the date of such designation will have to be determined as part of the Court's finding of jurisdictional facts in that particular case. *See Stokes v. Derwinski*, 1 Vet.App. 201, 203 (1991) (Court has authority to find jurisdictional facts).

*Hill*, 9 Vet.App. at 252; *see also* Appellant's Response at 2. However, that portion of the *Hill* opinion deals with the specific issue of the address to which the BVA decision copy must be sent once it is determined that the claimant had not designated a specific local

address. The May 31, 1994, "cut-off" date was established because of a May 18, 1994, letter sent by the BVA to the recognized national service organizations in an effort to establish the proper addresses for the organizations. *Hill,* 9 Vet.App. at 252.

In light of the BVA's undertaking, as set forth in the May 18, 1994, letter from Chairman Cragin, to mail a BVA decision copy to the national BVA appeals office or such office as designated by the national service organization, and the Court's analysis in *Ashley, supra,* the Court holds that in the case of (1) a post-May 31, 1994, BVA decision, (2) where the claimant has named a national service organization in block 3 of a valid form 23–22 or its equivalent, but (3) has not specified an address in block 3, and (4) where a recognized national service organization has, as of the date of the BVA decision, designated to the BVA an address for the mailing of BVA decision copies, that designated address is the "last known address" of the representative for purposes of mailing the representative's BVA decision copy pursuant to section 7104(e).

*Ibid.* Thus, the "cut-off" date applies only to the determination of the "last known address" of a particular national service organization designated as a result of the BVA's May 18, 1994 letter to such organizations. It is not a limitation upon the Court's initial holding in *Hill* that a designation can only be made in Block 3 of VA Form 23–22.

Since the BVA's decision in this case was issued prior to May 31, 1994, the proper AL mailing address "will have to be determined as part of the Court's finding of jurisdictional facts in [this] particular case." *Ibid.* Mr. Ashworth stated that the BVA decision was mailed to the AL national office at 1608 K Street, NW, Washington, DC 20006, "pursuant to instructions received from senior officials of The American Legion" and a courtesy copy was sent via "flat mail" to the AL office located at the VA office in Manila, Philippines. *See* Declaration of Robert L. Ashworth dated October 20, 1995. As discussed above, the appellant did not designate the Philippines AL office as her representative; therefore, the Court need not reach the issue of whether the BVA's use of "flat mail" in this instance satisfied the requirements of § 7104. Under the particular facts in this case, the Court finds that the BVA's mailing of its decision to the Washington, DC, AL office was sufficient to meet its obligation pursuant to § 7104(e). The appellant has failed to show that the Board's decision was untimely mailed to the representative's designated address and therefore, she has not overcome the presumption of regularity by "clear evidence to the contrary." *See Ashley,* 2 Vet.App. at 308; *Leo,* 8 Vet.App. at 413.

Accordingly, the Court holds that the appellant did not designate a local AL office as her representative, that a copy of the BVA decision was properly mailed to the last known address of the appellant's designated representative within the meaning of 38 U.S.C. § 7104(e), and that the NOA was not timely filed because it was not received by the Court within the 120–day period prescribed by 38 U.S.C. § 7266(a). *See Reich v. Brown,* 9 Vet.App. 271 (1996).

### III. Conclusion

On the basis of the foregoing analysis, the Court REVOKES its April 16, 1996, order, and grants the Secretary's motion. APPEAL DISMISSED.