ORDER
PER CURIAM.
The appellant’s Notice of Appeal (NOA) from an August 23, 1993, Board of Veterans’ Appeals (Board or BVA) decision was filed on December 19, 1994, more than 120 days after the date stamped on the BVA decision.
On January 20, 1995, the Court ordered the appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. In response, an attorney for the Military Order of the Purple Heart (MOPH), the appellant’s representative, filed a statement contending that the date of the decision must be August 23, 1994, because MOPH did not receive notice of the BVA decision until November 1, 1994.
Pursuant to a Court order issued on March 1, 1995, the Secretary filed a statement and a motion to dismiss, asserting that the appellant’s NOA is untimely. The Secretary states: (1) that the August 23,1993, decision, correctly dated, is the last action taken by the BVA with respect to this matter, and (2) that the November 1, 1994, notification pertained to a September 1994 rating decision. Appended to the Secretary’s response is a declaration from the Assistant Director of the BVA’s Administrative Service. The declaration reflects that the BVA did not mail a copy of the decision to the representative in accordance with 38 U.S.C. § 7104(e). The BVA hand-delivered a copy of the decision to the MOPH Appeals Office which occupies space in the same building occupied by the Board. Another copy was forwarded by “flat” mail to the VA regional office. The Secretary states that the BVA has no way of determining when MOPH received the August 23,1993, BVA decision. He has, however, also submitted a copy of a VA Statement in Support of Claim, received by VA on September 23,1993, from the appellant’s California MOPH representative, in which the representative argues that the BVA should reevaluate its August 23, 1993, decision.
In Davis v. Brown, 7 Vet.App. 298, (1994), the Court held that the phrase “the BVA shall promptly mail,” in 38 U.S.C. § 7104(e), means that the BVA decision must be correctly addressed, stamped with the proper postage, and delivered directly by the BVA into the custody of the U.S. Postal Service. Id. at 303. In the instant appeal, BVA personnel did not deposit a copy of the BVA decision directly with the U.S. Postal Service with a cover addressed to the veteran’s representative as required by section 7104(e). Nonetheless, such a defect can be cured by proof of actual receipt of a copy of the BVA decision by the veteran’s represen *33 tative. See Ashley v. Derwinski 2 Vet.App. 307, 311 (1992).
Because the Secretary failed to comply with the provisions of 38 U.S.C. § 7104(e), the presumption of regularity is rebutted. The Court finds that the 120-day filing period “did not begin to run again until the defect was cured.” See Ashley, 2 Vet.App. at 311. As noted, however, the appellant’s California MOPH representative was in possession of a copy of the BVA decision at least by September 23, 1993, the date VA received a Statement in Support of Claim. Therefore, in view of such submission by the California MOPH and without any indication that the California MOPH was not the designated representative, any defect in providing a copy of the BVA decision to the representative had been cured by September 23, 1993.
The ultimate burden of establishing jurisdiction rests with the appellant. McNutt v. G.M.A.C., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Bethea v. Derwinski 2 Vet.App. 252 (1992). To be timely filed under Rule 4 of this Court’s Rules of Practice and Procedure and precedents construing 38 U.S.C. § 7266(a), an NOA must be received by the Court within 120 days after the BVA decision is mailed to an appellant. Veterans’ Benefits Improvements Act of 1994, Pub.L. No. 103-446, § 511(a), 108 Stat. 4645, 4670 (1994) (amending 38 U.S.C. § 7266(a)); (NOA deemed received by Court on the date received by the Court, if delivered, or date which United States Postal Service postmark stamped on the cover in which notice is posted if properly addressed and mailed). See Butler v. Derwinski 960 F.2d 139 (Fed.Cir.1992). This Court’s jurisdiction derives exclusively from statutory grants of authority provided by Congress and may not be extended beyond that permitted by law. See Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 818,108 S.Ct. 2166, 2178-79, 100 L.Ed.2d 811 (1988); Machado v. Derwinski, 928 F.2d 389 (Fed.Cir.1991); Dudley v. Derwinski 2 Vet.App. 602 (1992).
Upon consideration of the foregoing, it is
ORDERED that the Secretary’s motion is granted and this appeal is DISMISSED for lack of jurisdiction.