Donald John **IBELING**, Appellant,

v.

Jesse **BROWN**, Secretary of Veterans Affairs, Appellee.

No. 95–104.

United States Court of Veterans Appeals.

Oct. 10, 1995.

Theodore C. Jarvi, Tempe, AZ, was on the pleadings for the appellant.

Mary Lou Keener, General Counsel, Atlanta, GA; Norman G. Cooper, Assistant General Counsel; and Andrew J. Mullen, Special Assistant to the Assistant General Counsel, Washington, DC, were on the pleadings for the appellee.

Before KRAMER, MANKIN, and IVERS, Judges.

IVERS, Judge:

Donald John Ibeling appeals from a March 29, 1990, decision of the Board of Veterans' Appeals (BVA or Board). The sole issue before the Court is whether the appellant's

Notice of Appeal (NOA), filed on January 30, 1995, was timely.

## I. Factual Background

When the appellant filed a claim for service connection for chronic prostatitis, his mailing address was 404 First Street, S.W., Cedar Rapids, Iowa 52404. Preliminary Record (Prelim.R.) at 2. Based on the preliminary record currently before us, it appears that the claim was denied by a VA regional office (RO). During the pendency of his appeal, the appellant changed addresses. He claims that he informed VA by letter of his new address. Appellant's Response to Motion to Dismiss at 4. The appellant also informed Senator Charles Grassley's office of his address change, and requested assistance in connection with his claim. The Senator's office forwarded the correspondence to VA's Senate Liaison Office. Prelim.R. at 1. In that letter to Senator Grassley, the appellant indicated that he would be moving on November 7, 1989, to Honiara, Guadalcanal, Solomon Islands, where he had been posted as the Rural Agricultural and Construction Advisor through the Peace Corps. Prelim.R. at 2.

On March 29, 1990, the Board issued a decision on the appellant's claim. On April 3, 1990, the Board mailed a copy of the decision via the United States Postal Service to the appellant at "404 First Street, SW, Cedar Rapids, *LA* 52403 [or 52404]." Prelim.R. at 6 (emphasis added). Several days later, however, the decision was returned as undeliverable (*ibid.*), and the Board requested that the RO seek to ascertain the appellant's new address and to forward the BVA decision to him at that new address (Prelim.R. at 5). The Board also sent a copy of the decision to the appellant's service representative, the American Legion, via the "flat mail" procedure described in *Trammell v. Brown,* 6 Vet.App. 181, 182–83 (1994). Secretary's Motion to Dismiss, Declaration of Robert L. Ashworth, ¶¶ 6–11.

On February 6, 1992, the appellant wrote to the RO in Phoenix, Arizona, requesting that his claims file be sent from the Des Moines, Iowa, RO to the Phoenix RO. Prelim.R. at 7.

In a letter to Senator Grassley's office, dated December 7, 1992, the appellant sought assistance in appealing the Board's decision. Prelim.R. at 9–10. In that letter, the appellant indicated that a copy of the BVA decision had been sent to the appellant by the American Legion, his service representative at the time, but that the decision had not been forwarded to him in the Solomon Islands. Prelim.R. at 9. The appellant also stated in his December 7 letter that Senator Grassley's office had previously mailed a copy of the Board decision to the appellant, but that the copy "arrived substantially after the appeal time had passed." *Ibid.*

On June 30, 1994, the Board received from the American Legion a motion for reconsideration of the March 1990 BVA decision. Prelim.R. at 12. The Chairman of the BVA denied reconsideration on October 4, 1994.

The appellant filed an NOA with the Court on January 30, 1995. The Secretary filed a motion to dismiss on June 2, 1995, and the appellant responded on June 26, 1995.

## II. Analysis

■ This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress, and we may not extend our jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2179, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski*, 928 F.2d 392, 393–94 (Fed.Cir.1991); *Skinner v. Derwinski*, 1 Vet.App. 2, 3 (1990). Pursuant to Rule 4 of the Court's Rules of Practice and Procedure and 38 U.S.C. § 7266(a), an NOA must be filed with the Court within 120 days after notice of the BVA decision is mailed to an appellant and to his or her representative. *See Machado v. Derwinski*, 928 F.2d 389, 391 (Fed.Cir.1991) (compliance with 38 U.S.C. § 7266(a) is required, and Court is not authorized to extend 120–day period for filing NOA); *see also* Veterans' Benefits Improvement Act of 1994, Pub.L. No. 103–446, § 511, 108 Stat. 4645, 4670 (1994) (Congress amended 38 U.S.C. § 7266(a) to apply "mailbox rule" to NOAs delivered or mailed to Court on or after November 2, 1994; under "mailbox rule," NOA is deemed received on date of receipt, if NOA is in fact delivered, or on date of United States Postal Service postmark, if NOA is properly addressed to Court and mailed).

Under 38 U.S.C. § 7104(e),

After reaching a decision in a case, the Board shall promptly mail a copy of its written decision to the claimant and the claimant's authorized representative (if any) at the last known address of the claimant and at the last known address of such representative (if any).

■ There is a presumption of regularity that "the Secretary and the BVA properly discharged their official duties by mailing a copy of a BVA decision to the claimant and the claimant's representative, if any, on the date the decision is issued." *Ashley v. Derwinski*, 2 Vet.App. 307, 309 (1992), *reconsidering*, 2 Vet.App. 62 (1992). The presumption of regularity may be rebutted by "clear evidence to the effect that the BVA's 'regular' mailing practices are not regular or that they were not followed," whereupon that "burden shifts to the Secretary to establish that the BVA decision was mailed to the veteran and the veteran's representative, if any, as required by 38 U.S.C. § 7104(e)." *Ashley*, 2 Vet.App. at 309; *Davis v. Brown*, 7 Vet.App. 298, 300 (1994). A defect in mailing "can be cured by proof of actual receipt of a copy of the BVA decision." *Davis*, 7 Vet. App. at 303; *see Pepitone v. Brown*, 8 Vet. App. 31, 33 (1995); *Fluker v. Brown*, 5 Vet. App. 296, 298 (1993); *Ashley*, 2 Vet.App. at 311; *see also Leo v. Brown*, 8 Vet.App. 28, 31 (1995).

■ The presumption of regularity has been rebutted with respect to the mailing of the BVA decision to the appellant's service representative, the American Legion. In *Trammell*, 6 Vet.App. at 182–83, the Court invalidated the type of flat mail procedure used in this case, which involves sending copies of BVA decisions to local ROs for distribution to veterans' service organizations. In *Davis*, 7 Vet.App. at 303, the Court held that the requirement in 38 U.S.C. § 7104(e) that the Board "mail" its decision to an appellant's representative "means that the BVA decision must be correctly addressed, stamped with the proper postage,

and delivered directly by the BVA into the custody of the U.S. Postal Service." In the instant appeal, the Board used the "flat mail" procedure invalidated in *Trammell* and *Davis*. Having sent the decision to the representative via "flat mail," the Board did not fulfill its obligations under 38 U.S.C. § 7104(e).

■ With regard to whether BVA sent a copy of its decision to the appellant at his "last known address," we could explore the nuances of the significance of the VA Form 1–9 (Appeal to BVA) or other document constituting a substantive appeal, but to do so would elevate form over substance. *See Thompson v. Brown,* 8 Vet.App. 169, 179, (1995) (absent evidence that claimant "took affirmative steps" to "specifically" notify VA of address change after filing VA Form 1–9 and absent evidence that mailings to address appearing on substantive appeal had been returned as undeliverable, "BVA was entitled to rely on that address as being the veteran's 'last known address' and to use it for purposes of mailing a copy of its decision"); *see also id.,* 8 Vet.App. at 183–184 (Ivers, J., concurring and dissenting) (when Board relies on address appearing on VA Form 1–9, absent clear and concise notification to the contrary, Board presumptively discharges its duties under statute requiring mailing of BVA decision to last known address); *cf. Hyson v. Brown,* 5 Vet.App. 262, 265 (1993) (in context of determining whether claimant has abandoned claim, it is "only where a file discloses other possible and plausible addresses that an attempt should be made to locate him at the alternate *known* address"). Regardless of which address was the "last known address" within the meaning of 38 U.S.C. § 7104(e), any defect that may have been present in the mailing of the decision to the appellant was cured.

In a December 7, 1992, letter from the appellant to Senator Grassley's office, the appellant indicated that he had received a copy of the BVA decision via Senator Grassley's office at some point prior to December 7, 1992. Prelim.R. at 9. He also indicated that his service representative had tried sending a copy of the BVA decision in its files to the appellant although the representative did not pursue forwarding the decision when the first mailing was returned as undeliverable. *Ibid.* This acknowledgement by the appellant indicates that the American Legion also had in its possession a copy of the decision prior to December 7, 1992. Thus, any defects in mailing to both the appellant and his representative were cured, at the very latest, by December 7, 1992.

Although the appellant did not specify the exact date when he or his representative received the decision, it could not have been later than December 7, 1992. Thus, the appellant's NOA, filed in January 1995, was filed well beyond the 120–day appeal period commencing on December 7, 1992, and was not timely.

■ In certain circumstances, the filing of a motion for reconsideration of a BVA decision will toll the 120–day appeal period. *See Blackburn v. Brown,* 8 Vet.App. 97, 100–101 (1995); *Rosler v. Derwinski,* 1 Vet.App. 241, 246, 249 (1991); *see also Stone v. INS,* —— U.S. ——, ——, 115 S.Ct. 1537, 1543 (1995). If a claimant files a motion for reconsideration within the 120–day appeal period, that motion tolls the appeal period until such time as the Chairman issues a decision, whereupon a new 120–day appeal period commences. *Blackburn,* 8 Vet.App. at 101, *Rosler,* 1 Vet.App. at 246, 249. Since the appellant in the instant case filed his motion for reconsideration in June 1994, well past the 120–day appeal period commencing on December 7, 1992, his motion did not toll the time period for filing an NOA with this Court.

Consequently, the appellant's NOA was not timely under any circumstances.

Furthermore, the Court does not have jurisdiction over the Chairman's October 1994 denial. In *Mayer v. Brown,* 37 F.3d 618, 619–20 (Fed.Cir.1994), *aff'g on other grounds* No. 92–639, 1993 WL 491403 (Vet.App. Nov. 17, 1993), the Federal Circuit held that an action by the Board Chairman is not the type of decision that is reviewable by the Court and over which the Court has jurisdiction "absent some underlying final decision by the [B]oard." *Id.,* 37 F.3d at 620. Since the Court does not have jurisdiction over the

March 1990 BVA decision, we cannot have jurisdiction over the Chairman's October 1994 denial of the motion for reconsideration.

### III.   Conclusion

Accordingly, the appeal is DISMISSED.