Larry E. LEONARD, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 95–1260.

United States Court of Veterans Appeals.

June 23, 1997.

James C. Pino, Alabaster, AL, was on the pleadings for appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; and Andrew J. Mullen, Special Assistant to the Assistant General Counsel, Washington, DC, were on the pleadings for appellee.

Before KRAMER, HOLDAWAY, and IVERS, Judges.

HOLDAWAY, Judge, filed the opinion of the Court. KRAMER, Judge, filed a dissenting opinion.

HOLDAWAY, Judge:

On August 22, 1994, the Board of Veterans' Appeals (Board or BVA) denied the appellant entitlement to an increased rating for a right shoulder disorder and an effective date prior to January 16, 1991, for a total disability rating based on individual unemployability. The appellant filed a request for reconsideration that was received by the BVA on April 11, 1995, seven months and two weeks after the BVA decision. The Chairman of the Board denied the motion on July 12, 1995. Approximately five months later, on December 21, 1995, the appellant filed a Notice of Appeal (NOA) with this Court. Noting that the appellant had not filed his appeal within the statutory 120 days of either the BVA decision or the Chairman's denial of the motion for reconsideration, the Secretary filed a motion to dismiss for lack of jurisdiction.

## I. BACKGROUND

The statutes concerning appeals to this Court require that an appellant file his appeal within 120 days after the notice of the BVA decision is mailed to him and any representative he may have designated. *See* 38 U.S.C. §§ 7266(a)(1), 7104(e). Case law from this Court has developed the following rules, germane to this case, for construing these statutory provisions. The 120–day time limit is tolled if a claimant files a request for reconsideration with the BVA within the prescribed 120–day period. *See Rosler v. Derwinski,* 1 Vet.App. 241 (1991). A new 120–day limit begins to run again after the Chairman acts upon the motion. *See ibid.* Failure to comply with the initial 120–day period, or in the event of a request for reconsideration to the BVA, failure to file within 120 days after the Chairman's decision, requires dismissal. *See Butler v. Derwinski,* 960 F.2d 139 (Fed.Cir.1992). There is a presumption of regularity as to the mailing of a decision by the Board; it is presumed there was a proper mailing to both the appellant and his designated representative, if there was, in fact, such a designation. However, if the claimant clearly establishes an "irregular" mailing of the decision, the presumption of regularity is rebutted. If a claimant can shoulder his burden of clearly establishing an irregular mailing, the 120–day time limit will be tolled until such time as the Secretary can establish actual notice. *See Hill v. Brown,* 9 Vet.App. 246 (1996); *Leo v. Brown,* 8 Vet. App. 410 (1995); *Trammell v. Brown,* 6 Vet. App. 181 (1994); *Ashley v. Derwinski,* 2 Vet. App. 307 (1992). In this case, there is no doubt that the appellant's NOA was received well after the 120–day period prescribed by statute. He failed to timely file both his request for reconsideration and, following the Chairman's decision on that motion, his NOA. It is also without dispute that the BVA decision was properly mailed to the appellant on the day the decision was issued. The sole issue presented by this appeal is whether there was a designated representative and, if so, whether there was a defect in the mailing to that person that would toll the running of the statutory period. Complicating the issue in this case is the fact that Block 3, VA Form 23–22, the place for designation of a personal representative, is missing from the form. In an effort to establish the necessary jurisdictional facts to resolve this issue, the Court, by single-judge action, issued various orders to "show cause." The Secretary made three separate motions to dismiss, with affidavits attached. The appellant responded to the Secretary's motions, as well as the show cause orders directed to him from the Court. Rather than list these various factual matters in chronological order in a separate "fact" section, it will be clearer to cite to the facts necessary for disposition of this case in the "analysis" section of the opinion.

## II. ANALYSIS

The affidavits attached to the record in this case show that the appellant was represented, at the times pertinent to resolving this issue, by the Disabled American Veterans (DAV). Appropriate mailing of the decision was indisputably made to the national headquarters of that organization. However, the mailing to the local office of the DAV in Montgomery, Alabama, was by "flat mail." *See Trammell,* 6 Vet.App. at 183. In those cases where there is a designated local representative, previous precedent from this Court has found such mailing to be ineffective within the terms of the statute in effect at the time of the BVA mailing in this case. In other words, if the appellant had designated the local representative in Block 3, VA Form 23–22, as "his" representative, then the flat mail to that individual would be irregular by standards of the statute then in effect (since amended) and the time limit for filing an NOA would thus be tolled. *See Hill, Leo, Trammell,* and *Ashley,* all *supra.* On the other hand, if no local representative was listed in Block 3, or if the organization only was listed in Block 3, without a local address, then there would be no irregular mailing. The mailing to the national headquarters, which was indisputably "regular," would suffice. The sole factual issue before the Court then is simply, has the appellant clearly established that he designated his local DAV representative in Block 3 of the prescribed form? We reject the proposition that the absence of Block 3, or its illegibility, destroys the presumption of regularity as to the mailing statute. The one

has nothing to do with the other. Of course, in the absence of the Block 3, the appellant's burden is somewhat eased. A forthright, unambiguous, and unrebutted affidavit from him that he had designated his local representative in Block 3 would be accepted. However, in this case, there is no such averment. Instead, the appellant merely stated, in effect, that he had always been represented by Mr. John Archer from the local office of the DAV in Montgomery and that he had "never" been represented by the DAV office in Washington, D.C. Notably missing is the essential fact as to whether he had annotated Mr. Archer's name or indeed any name in Block 3, VA Form 23–22, together, of course, with the local address. Moreover, the Secretary produced proof that the appellant had in fact been represented by at least five other individuals from the DAV in a variety of proceedings dating back to 1988, including representation by the national office. In fact, the appellant was last represented by Mr. Garold K. Bertrand, Jr., of the national office, at an informal hearing before the BVA on the request for reconsideration referred to earlier as the last action prior to the filing of the NOA. The appellant has not met his burden of clearly establishing a defect in the mailing. There is no direct evidence that the local representative was designated in Block 3. Moreover, to the extent the appellant's affidavit implies that he designated Mr. Archer as his sole representative, then the evidence from the Secretary showing representation by several other individuals, including the national office, comprehensively rebuts that statement. From the record before us, the conclusion is inescapable that the representation of Mr. Leonard was "organizational," not personal. Therefore, the mailing to the national headquarters, the part of the organization that the record shows represented him, conformed with the statute in effect at the time of the BVA decision.

## III. CONCLUSION

It follows that the NOA filed in this case was not timely and it must be DISMISSED.

KRAMER, Judge, dissenting:

On August 22, 1994, the Board of Veterans' Appeals (Board or BVA) denied the appellant entitlement to an increased rating for a right shoulder disorder and to an effective date prior to January 16, 1991, for a total disability rating based on individual unemployability. The appellant's motion for reconsideration was received by the BVA on April 11, 1995. (The filing of this motion for reconsideration did not involve representation by the Disabled American Veterans (DAV).) *See* Exhibit 1 of Secretary's March 4, 1996, Motion to Dismiss. However, on June 14, 1995, a representative of the national DAV office represented the appellant at an informal hearing presentation before the BVA regarding the appellant's motion for reconsideration. *See* Exhibit 8 of the Secretary's February 21, 1997, Response to Order of the Court; *see also* DAV discussion, *infra*. The Chairman of the BVA denied the appellant's motion on July 12, 1995, and the appellant filed a Notice of Appeal (NOA) with the Court on December 21, 1995. On March 4, 1996, the Secretary filed a motion to dismiss for lack of jurisdiction. In his motion, the Secretary stated:

> Appellant has failed to file a timely [NOA] within 120 days of the final decision of the [BVA] as required by 38 U.S.C. § 7266(a). Moreover, Appellant has also failed to file an NOA within 120 days of the denial, by the Chairman of the BVA, of the belated motion for reconsideration of the BVA decision. Accordingly, the decision of the Board is final and unappealable.

Secretary's March 4, 1996, Motion to Dismiss at 1. In an April 17, 1996, order, the Clerk of the Court ordered the Secretary to

> file (1) a copy of the VA Form 23–22 (Appointment of Veterans Service Organization as Claimant's Representative) and (2) a declaration, addressing, inter alia, whether the BVA mailed a copy of its August 22, 1994, decision directly to the appellant's representative in accordance with 38 U.S.C. § 7104(e) and, if not, provide evidence of receipt.

The Secretary filed a response to the Court's order on May 15, 1996. On June 11, 1996, the Court denied the Secretary's March 4,

1996, motion to dismiss, and the Court ordered the Secretary to file the designation of the record on appeal within 30 days. In its denial, the Court stated:

> The appellant's claims folder contains only a small remnant of a VA Form 21–22 or 23–22 . . ., and the remnant provides no information regarding the appellant's designation of a representative. Because the Secretary has indicated that the Board sent (by "flat mail") a copy of the August 22, 1994, decision to a local office of the [DAV] colocated at the Montgomery, Alabama, VA regional office, and in the absence of any indication by the Secretary that the Board's notification of the local DAV office was made in error, the evidence indicates that the local DAV office was the appellant's representative and further indicates that the Board did not mail the decision directly to the representative in accordance with 38 U.S.C. § 7104(e). As a consequence of the improper mailing, the 120–day judicial appeals period did not begin to run until the appellant filed his NOA on December 21, 1995. *See Davis v. Brown*, 7 Vet.App. 298 (1994); *Ashley v. Derwinski*, 2 Vet.App. 307 (1992). Thus, the Court finds that the appellant's NOA is timely filed.

On August 12, 1996, the Secretary filed a motion to vacate the Court's June 11, 1996, order and to renew his motion to dismiss. The Secretary claimed that the Court's prior order was contrary to recent precedents set by the Court. On September 27, 1996, the Court denied the Secretary's motions. The Court stated:

> There is a presumption of regularity that the Secretary and the [BVA] properly mailed a copy of the BVA decision to the claimant and the claimant's representative on the date the decision was issued in accordance with 38 U.S.C. § 7104(e). *See Ashley* [, 2 Vet.App. at 309]. The presumption of regularity is not absolute and may be rebutted by "clear evidence to the contrary." *Ibid.* In this case, block 3 of the appellant's Designation of Representative, which provides the basis for determining the address of the appellant's representative, is unexplainably severed from

the VA form. *See Hill v. Brown*, 8 Vet. App. 496 (1996). The Court holds that, under these facts, the presumption of regularity is rebutted. Once the presumption is rebutted, the burden is on the Secretary to establish that the BVA decision was mailed to the veteran and the veteran's representative. *See Ashley* [, 2 Vet.App. at 309].

In his motion, the Secretary refers to an affidavit of Robert Ashworth (affidavit), dated May 7, 1996, which the Court will treat as the Secretary's attempt to meet the evidentiary burden required by *Ashley*. In essence, the affidavit states in paragraph 3 that the appellant was represented by the "national appeals representatives of DAV" located at *811* Vermont Avenue, NW, Washington, DC. In paragraph 4, the affidavit states that in accordance with procedures established between the DAV and the BVA, the BVA decision was mailed to *810* Vermont Avenue, NW, 305–LAF, Washington, DC 20420.

No information is provided in the affidavit, however, as to why the representative was located at one address but the BVA decision was mailed to another. Accordingly, the Court holds that the Secretary has not met the evidentiary burden to show that the BVA decision was mailed to the appellant's representative.

On October 7, 1996, the Secretary filed a motion to vacate the Court's September 27, 1996, order and to renew his motion to dismiss. Accompanying the order was an "Amended Declaration of Robert L. Ashworth" (Amended Ashworth Declaration). The Secretary, in his October 7, 1996, motion to dismiss, summarized the Amended Ashworth Declaration as follows:

> The apparent disparity identified by the Court in its September 27, 1996, order as to the address of the DAV national appeals office is clarified by the Amended Ashworth Declaration. The mailroom for the Department of Veterans Affairs Central Office (VACO) is located in the VACO Building, located at 810 Vermont Avenue, Washington, D.C. 20420. Due to concerns relating to security of mail, logistics of delivery, efficiency of staffing, etc., all

VACO elements dispatch and receive their U.S. Mail through the VACO mailroom. *See* Amended Ashworth Declaration at para. 5–6.

The DAV national appeals office is physically located (as are those of other veterans service organizations which represent claimants before the Board) in the same building occupied by the BVA, located at 811 Vermont Avenue. The space occupied by such organizations is U.S. Government space, furnished free of charge pursuant to authority conferred upon the Secretary by law. Thus, the BVA extends "free" office space to the DAV, and the DAV, in turn, utilizes the Board's mailing address for correspondence directed to that office. *See* Amended Ashworth Declaration at para. 4–6.

Secretary's Motion to Dismiss at 5–6. On the basis of the Secretary's response, the Court, on October 21, 1996, issued an order as follows:

ORDERED that the appellant show cause, within 30 days after the date of this order, as to why the Court should not entertain the Secretary's Motion to Vacate Court Order and Renewal of Motion to Dismiss, dated October 7, 1996, with appropriate citation to case authority. It is further

ORDERED that the appellant show cause, within 30 days after the date of this order, that the appellant's representative at the time of the issuance of the Board of Veterans' Appeals decision that is the subject of the appellant's appeal, was a local office, as opposed to the national appeals office, of the Disabled American Veterans (DAV). It is further

ORDERED that the appellant, if unable to show cause as to the above two matters, show cause, within 30 days after the date of this order, as to why the Court should not grant the Secretary's motion and dismiss the appellant's appeal because of lack of jurisdiction.

On November 20, 1996, the appellant filed his response to the Court's October 21, 1996, order accompanied by an affidavit of the appellant that indicated the following:

On August 22, 1994[,] the [BVA] issued a decision in my case. At that time and at all times relevant to my case before the [BVA], my representative was John A. Archer of the [DAV].

I have always contacted Mr. Archer at his local office in Montgomery, Alabama. His address at the local office of [DAV] is Room 1–116, 345 Perry Hill Road, Montgomery, Alabama 36109. I have never had any contact with nor have I at any time relevant to my case before the BVA been represented by the national office of the DAV in Washington, D.C. My only contact with the DAV has been through Mr. Archer at the local office of the DAV in Montgomery, Alabama.

On the basis of the appellant's response, the Court, on December 23, 1996, ordered the Secretary to respond, within 30 days, to the appellant's response. On February 21, 1997, the Secretary responded to the Court's December 23, 1996, order. The Secretary stated:

The Secretary accepts Appellant's assertion and affidavit as advanced in good faith, but must respectfully point out that he is in error. Undersigned counsel has reviewed Mr. Leonard's three-volume VA claims file and found many instances in which a person other than John Archer has performed claims-representation services pursuant to Appellant's appointment of DAV as his representative. This is not surprising, and is consistent with the fact that one selects an *organization*, not an *individual*, when one appoints DAV or another national service organization as his/her representative.

Accompanying the instant pleading as Exhibits are several examples of the different DAV representatives who have advanced Appellant's claims in recent years[.]

Secretary's Response to Court Order at 3–4.

Although the Secretary was originally entitled to a presumption of regularity with respect to the mailing of the BVA decision to the appellant's national representative, the Court held on June 11, 1996, that the unexplained absence of Block 3 in the appellant's Designation of Representative rebutted that presumption. Thereafter, in his filing dated

August 12, 1996, the Secretary presented evidence indicating that the appellant's representative at the time of the issuance of the BVA decision was the "national appeals representatives of DAV" and that a copy of the BVA decision was mailed via the U.S. Postal Service to such representatives. In his filing dated November 20, 1996, the appellant presented evidence in the form of an affidavit that stated, in essence, that his representative has always been a local DAV representative, specifically John Archer, and was not the national appeals office. Thereafter, the Secretary, in his filing dated February 21, 1997, presented exhibits showing that representatives other than John Archer had provided representation services to the appellant at various times, including an informal hearing presentation by the national DAV dated two months after the appellant's filing (without any DAV representation) of his motion for reconsideration of the August 22, 1994, BVA decision. *See* Exhibit 8 of the Secretary's February 21, 1997, Response to Order of the Court. In this regard, however, I note the following: Exhibit 6 is a "Statement of Accredited Representation in Appealed Case," dated December 20, 1993, that appears to be a statement associated with this appeal and is signed "Billy Black for *John A. Archer* [,] National Service Officer, DAV." (Emphasis added.) Exhibit 5 is a document dated April 15, 1993, that on its face indicates that Billy Black is a National Service Officer of DAV *headquartered* at the DAV *regional office* in Montgomery, Alabama. In light of the appellant's affidavit and exhibits 5 and 6, I would hold that the Secretary has not met his burden of demonstrating that the BVA decision was mailed to the veterans' representative as required by *Ashley, supra.*

To the contrary, the majority holds, in sum, that the absence of Block 3 and the appellant's averment that he was represented by the local DAV is not enough to overcome the presumption of regularity and that what would be required is the appellant's averment that the local DAV's name appeared in the missing Block 3. To take such a narrow view ignores the Court's order of October 21, 1996, which did not specifically inquire as to the filling in of Block 3 but only generally asked the appellant to show cause that his

representative was the local DAV at the time of the issuance of the BVA decision. Given the majority view and the Court's previous order, it would seem that the proper course is the issuance of another show cause order with a specific inquiry regarding block 3, rather than the majority's failure to recognize that the appellant has never been asked about the question he is now being faulted for not answering.

Although I am mindful of the passage of section 508 of the Veterans' Benefits Improvements Act of 1996 (VBIA of 1996), Pub.L. No. 104-275, 110 Stat. 3322, 3343 (Oct. 9, 1996), I specifically note the Secretary's failure to present evidence, pursuant to that portion of section 508(a) of the VBIA of 1996 that is to be codified at 38 U.S.C. § 5902(c)(1), that the appellant did not "indicate[ ] in a power of attorney filed with [VA] a desire to appoint only a recognized representative of an organization."

I respectfully dissent.