**Fausto P. NAVARRO, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 95–255 .

United States Court of Veterans Appeals.

June 24, 1996.

Fausto P. Navarro, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; and Andrew J. Mullen, Special Assistant to the Assistant General Counsel, were on. the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and HOLDAWAY, Judges.

KRAMER, Judge:

On March 13, 1995, the appellant, Fausto P. Navarro, filed his Notice of Appeal (NOA) from an August 18, 1994, Board of Veterans' Appeals (BVA or Board) decision. On June 5, 1995, the Secretary moved for dismissal asserting that the appellant had filed an untimely NOA.

On July 28, 1995, the Court ordered the appellant to show cause why the appeal should not be dismissed for lack of jurisdiction. On September 5, 1995, the Court received a letter from the appellant dated June 5, 1989, which does not address the Court's jurisdiction to review the appeal.

On September 26, 1995, the Court ordered the Secretary to file a declaration addressing, inter alia, whether the BVA had mailed a copy of its August 18, 1994, decision directly to the appellant's representative in accordance with 38 U.S.C. § 7104(e) and, if not, to provide evidence of receipt. In response to the Court's order, the Secretary filed a copy of the appellant's January 1971 VA Form 23–22, Appointment of Service Organization as Claimant's Representative. In the space on VA Form 23–22 providing for the "Name of Service Organization Recognized by [VA]" it is stamped, "Disabled American Veterans [DAV], Philippine Department[,] Re[illegible]ol Stotsenberg Chapter No[.] 1[illegible][,] 111 Rizal Drive Dau[illegible][,] Mabalacat, Pampanga." The Secretary also filed a declaration from Robert L. Ashworth, Assistant Director of the Board's Administrative Service, which states: (1) a copy of the BVA's August 18, 1994, decision was mailed to the appellant's representative, the DAV, at its national appeals office in Washington, DC; (2) a second courtesy copy was forwarded by "flat mail" to the local representative of the DAV office located at the VA Regional Office (RO) in Manila, Philippines; and (3) that DAV does not maintain an office at the VARO in Manila.

On December 8, 1995, the Court, in an effort to clear up some inconsistencies in Mr. Ashworth's declaration, ordered the Secretary to file a new declaration. Pursuant to the Court's order, the Secretary filed a new declaration in which Mr. Ashworth reiterates what he stated in his first declaration, and also adds that "because it is my understanding that DAV does not maintain an office at the VA [RO] in Manila, Philippines, there would have been no place for the 'courtesy copy' to be delivered once it was received at the Manila [RO]." Ashworth's January 23, 1996, Declaration at 2. Along with the new Ashworth declaration, the Secretary also filed an affidavit from Kenneth D. Wolfe, National Service Director of the DAV. Mr. Wolfe states in his affidavit that: (1) the DAV does not maintain either national service officers or a national service office in the Philippines; (2) DAV does, however, have a number of chapters in the Philippines and that some of them may have service officers operating under the supervision of the respective chapters; and (3) he is unaware of any such chapter service officer being accredited by VA for the purpose of representing claimants before VA.

## I. ANALYSIS

██ This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress, and the Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2179, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski,* 928 F.2d 392, 393–94 (Fed.Cir.1991); *Skinner v. Derwinski,* 1 Vet.App. 2, 3 (1990). The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.,* 298 U.S. 178, 188–89, 56 S.Ct. 780, 784–85, 80 L.Ed. 1135 (1936); *Bethea v. Derwinski,* 2 Vet.App. 252, 255 (1992). To be timely filed under Rule 4 of this Court's Rules of Practice and Procedure and precedents construing 38 U.S.C. § 7266(a), an NOA must be received by the Court within 120 days after the BVA decision is mailed to an appellant. *See Butler v. Derwinski,* 960 F.2d 139, 140–41 (Fed.Cir.1992).

Under 38 U.S.C. § 7104(e),

After reaching a decision in a case, the Board shall promptly mail a copy of its written decision to the claimant and the claimant's *authorized* representative (if any) at the last known address of the claimant and at the last known address of such representative (if any).

(Emphasis added.) *See also* 38 C.F.R. § 19.8 (1995). In *Davis v. Brown,* 7 Vet. App. 298, 303 (1994), the Court held that the phrase "the BVA shall promptly mail," as used in 38 U.S.C. § 7104(e), means that the BVA decision must be correctly addressed, stamped with the proper postage, and delivered directly by the BVA into the custody of the U.S. Postal Service. The Court held in *Trammell v. Brown,* 6 Vet.App. 181, 182–83 (1994), that the BVA must "promptly mail," as required by section 7104(e), the decision to both the claimant and the claimant's representative. In addition, in *Leo v. Brown,* 8

Vet.App. 410 (1995), the Court held that "[a] claimant can appoint a national veterans service organization, but the claimant may also specify the address that may serve as the point of communication between VA or the Board and the veteran's service representative." *Id.* at 413. Thus, where the claimant has specifically designated an address to be used for his representative, the Board, in order to comply with the statutory mailing requirement of 38 U.S.C. § 7104(e), must "mail" a copy of its decision to that address. *Ibid.*

Section 5902(a)(1) of title 38, U.S.Code, provides: "The Secretary may recognize representatives of ... the Disabled American Veterans ..., and such other organizations as the Secretary may approve, in the preparation, presentation, and prosecution of claims under laws administered by the Secretary." Pursuant to this section the following pertinent regulations have been promulgated: 38 C.F.R. §§ 14.627(i) (definition of representative), 14.628(e)(4) (requirement that organization file with VA information relating to training of individual representatives), and 14.629(a) (requiring organization to file with VA list of individuals it wishes to have accredited as representative of organization) (1995).

In addition, section 7105(b)(2) of title 38, U.S.Code, provides in pertinent part: "Notices of disagreement, and appeals, must be in writing and may be filed by ... [an] accredited representative.... Not more than one recognized organization ... will be recognized at any one time in the prosecution of a claim." Pursuant to this section the following pertinent regulations have been promulgated: 38 C.F.R. §§ 20.600 (providing for representation in all stages of appeal by *recognized* organization, attorney, agent, or other authorized person), 20.601 (claim may be prosecuted by only one *recognized* representative at any one time), 20.602 (providing for designation of *recognized* organization), and 20.607 (providing that revocation of representative's authority to act on behalf of claimant must be sent in writing by claimant to agency of original jurisdiction or to Board if the appellant record has been certified to the Board for review) (1995).

Although the terms authorized, accredited, recognized, representative, and organization are used somewhat interchangeably in the statutory and regulatory matrix, the following rule emerges: Where an organization represents a claimant, that organization must be recognized and the individual in the organization specifically undertaking the representation must be accredited.

In this case, the appellant clearly appointed the DAV as his representative and the DAV, in fact, represented the appellant before the BVA. However, a local Philippine address was designated as the address of record for purposes of receiving correspondence. In view of the fact that Mr. Wolfe, in essence, states that there are no accredited DAV representatives in the Philippines, the Board did not need to comply with the statutory mailing requirement of 38 U.S.C. § 7104(e) as to that address, because the statute only requires the Board to mail its decision to the appellant's authorized representative, which in this case must be the DAV's national appeals office. The Court holds, therefore, that since the appellant specifically designated as the address of record for the receipt of correspondence from VA or the Board, an address at which there was located no accredited individual of a recognized organization, the DAV's national appeals office is deemed to be the appellant's representative for the purpose of complying with the statutory mailing requirement of 38 U.S.C. § 7104(e).

## II. CONCLUSION

Upon consideration of the foregoing, the Secretary's motion to dismiss is granted and this appeal is DISMISSED for lack of jurisdiction.