# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 15-1896

James S. Eicher, Appellant,

v.

David J. Shulkin, M.D.,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Decided August 14, 2017)

*Glenn R. Bergmann* and *Sun H. Choi*, both of Bethesda, Maryland, were on the brief for the appellant.

*Leigh A. Bradley*, General Counsel; *Mary Ann Flynn*, Chief Counsel; *Christopher W. Wallace*, Deputy Chief Counsel; and *Catherine A. Hulgan*, all of Washington, D.C., were on the brief for the appellee.

Before DAVIS, *Chief Judge,*[1] and BARTLEY and GREENBERG, *Judges*.

DAVIS, *Chief Judge*, filed the opinion of the Court. GREENBERG, *Judge*, filed a dissenting opinion.

DAVIS, *Chief Judge*: The appellant, James S. Eicher, appeals, through counsel, a January 13, 2015, decision of the Board of Veterans' Appeals (Board) that denied entitlement to payment of educational benefits under chapter 33, title 38, U.S. Code (Post-9/11 GI Bill benefits or Chapter 33 benefits) for distance learning pursued at a foreign educational institution from October 4, 2010, to September 30, 2012. Record (R.) at 3-13. On June 30, 2016, the Court, in a single-judge decision, vacated the Board's decision and remanded the matter for further adjudication. *Eicher v. McDonald*, No. 15-1896, 2016 WL 3548143 (U.S. Vet. App. June 30, 2016) (mem. dec.). On July 20, 2016, the Secretary filed a motion for single-judge reconsideration or, in the alternative, a panel decision. The

---

[1] On May 25, 2017, Chief Judge Davis replaced Judge Lance, who participated in the decision on the merits, but who retired from active service before the appellant's motion for reconsideration was filed.

Court granted the Secretary's motion for a panel decision, withdrew the Court's June 30, 2016, memorandum decision, and on April 19, 2017, issued a panel opinion in its place.

On May 10, 2017, the appellant filed a motion for reconsideration of the panel opinion. The Court grants the appellant's motion for reconsideration, withdraws the April 19, 2017, panel opinion, and issues this panel opinion in its place. For the reasons that follow, the Court will affirm the Board's decision.

## I. BACKGROUND

The appellant served in the U.S. Army from July 1987 to September 1993 and from April 1998 to February 2011, including service in the Gulf War and Afghanistan. R. at 15-17.

In August 2009, before his separation from service, the appellant filed an electronic VA Form 22-1990, "Application for VA Education Benefits," for benefits under chapter 30, title 38, U.S. Code (Montgomery GI Bill benefits or Chapter 30 benefits). R. at 713-21. Following receipt of his VA Form 22-1990, on March 18, 2010, VA issued a "Certificate of Eligibility," which notified him that he was entitled to 36 months of "education benefits under the Montgomery GI Bill . . . for enrollment and pursuit of any course, program, final objective, or institution approved for veterans." R. at 711. On March 22, 2010, VA received a request from De Montfort University (the University), located in the United Kingdom, for approval of its Masters of Arts (MA) degree in sports history and culture program (the Program). R. at 579. The University's representative stated that the University sought approval of the Program by VA for the appellant, who would pursue the Program via distance learning. *Id.*

On July 20, 2010, the appellant emailed the University, copying VA representatives, to confirm his enrollment in the Program "as an international, on-line, internet-based student" and explained that, although other "De Montfort University courses of study . . . have already been registered or certified by [VA]," the Program had not. R. at 637. He asked the VA representatives "what steps must be taken for" the Program "to gain []VA approval or certification." R. at 638. In an email response to the appellant, copying a University representative, a VA representative explained that a University official must apply "for VA approval of the MA degree program in Sports History & Culture," and directed the University's representative to submit "the application for

2

the Foreign School Approval Group" to the "Washington Regional Office [(RO)]." R. at 636. In reply, the University's representative emailed the appellant and a VA representative and explained that the University "had already applied for approval of the MA Sports History and Culture" program. R. at 635.

On August 6, 2010, the University's representative requested an update on "the status of the approval of the MA Sports[] History and Culture course with the VA." R. at 634. That same day, a VA representative emailed the University's representative that the "program was approved August 4, 2010," and that "[a] letter and information regarding the approval was forwarded that d[ay]." R. at 633. The University's representative forwarded the VA representative's email to the appellant. *Id.* The record contains a letter dated "August 45, 2010," from VA to the University's representative, which the University's representative asserts she never received. R. at 574-75, 576. That letter stated that VA had "approved Masters in Sports History and Culture" and immediately after that stated:

> PLEASE NOTE: Programs are approved for in-residence training only. Due to recent changes in the law governing [VA] educational benefits for students at foreign schools, we cannot pay benefits for distance learning or independent study courses. Please do not submit enrollment information for any courses taken by distance learning, online, or independent study. All students must be in residence and all courses must be attended in-person in a formal classroom setting (taught programs).

R. at 574 (emphasis in original). The letter noted that the University had "no designated Certifying Officials responsible for submitting enrollment information for eligible students" and included "a VA Form 22-8794, Designation of Certifying Officials," that VA "must receive . . . before [it] can process awards for eligible students." *Id.* The letter also included "VA Form 22-1999, Enrollment Certifications, for use in reporting enrollment information," of eligible students. R. at 575.

On August 17, 2010, the appellant filed a second electronic VA Form 22-1990, "Application for VA Education Benefits," and requested Post-9/11 GI Bill benefits in lieu of his Montgomery GI Bill benefits. R. at 728, 722-31. He stated that he would attend the Program starting in September 2010. R. at 723. After VA received the appellant's second VA Form 22-1990, VA issued him on August 24, 2010, a "Certificate of Eligibility," which notified him that he was entitled to 35 months and 6 days of "benefits for an approved program of education or training under the Post 9/11 GI

3

Bill," that he "must take this letter to [his] school," and that his "school must certify [his] enrollment before [he] can get paid." R. at 689.

On February 18, 2011, VA received the University's VA Form 22-1999, "Enrollment Certification," on the appellant's behalf reflecting enrollment in the Program, taken by distance learning, from October 2010 to September 2012. R. at 684. On March 7, 2011, VA denied the appellant's request for payment. R. at 662-65. VA explained that, although the appellant was eligible for Post-9/11 GI Bill benefits, VA could not pay for his enrollment in the Program, as "[i]ndependent or distance learning is not approved for GI Bill payment at foreign schools" and his "school reported that [his] training is distance learning only." R. at 662. The appellant submitted a Notice of Disagreement with the March 2011 decision, R. at 658-60; VA issued a Statement of the Case, R. at 490-503; and he perfected his appeal, R. at 342-46.

In the decision on appeal, the Board determined that it was "without legal authority to grant the educational benefits sought," because Post 9/11 GI Bill "benefits cannot be used to pay for a nonaccredited program at a foreign educational institution taken via distance learning." R. at 9-10. The Board noted that 38 U.S.C. § 503 provides equitable relief when there has been administrative error but that "if the [v]eteran wishes to petition for equitable relief, he must file such a petition with the Secretary given that the authority to award equitable relief under that statute is committed to the sole discretion of the Secretary." R. at 10. The Board concluded that it lacked jurisdiction to consider the Secretary's exercise of its authority to award equitable relief under section 503. *Id.*

## II. THE PARTIES' ARGUMENTS

The appellant does not dispute the Board's determination that it "is without legal authority to grant the educational benefits sought."[2] R. at 10; Appellant's Brief (Br.) at 13-26; *see Cromer v. Nicholson*, 19 Vet.App. 215, 217 (2005) ("[I]ssues not raised on appeal are considered abandoned."), *aff'd*, 445 F.3d 1346 (Fed. Cir. 2006). Rather, he asks that the Court grant relief on the basis of equitable estoppel. Appellant's Br. at 13-24. Specifically, he contends that he detrimentally relied upon communications from VA to the University and that he satisfies the traditional elements of

---

[2] Thus, contrary to the view of our dissenting colleague, the Court need not determine whether the Board legally erred in its interpretation of "independent study" under 38 C.F.R. § 21.4267. The veteran made no argument concerning this issue, either in his brief or his reply brief.

estoppel. *Id.* Alternatively, he asserts that the Board provided an inadequate statement of reasons or bases, because it failed to discuss 38 C.F.R. § 2.7 and whether a recommendation to the Secretary for consideration of equitable relief was warranted. *Id.* at 24-26.

The Secretary responds that this Court's precedent makes clear that it is not a court of equity and may not apply the doctrine of equitable estoppel to grant monetary awards against the Government. Secretary's Br. at 8-14. The Secretary also replies that neither the Board nor the Court is required to discuss the issue of entitlement to a recommendation for equitable consideration under 38 U.S.C. § 503 and 38 C.F.R. § 2.7, as the Secretary's authority to award equitable relief is not subject to the Board's or the Court's jurisdiction. *Id.* at 14-21.

## III. ANALYSIS
### A. Post-9/11 GI Bill Education Benefits
#### *1. Legal Framework*

For more than 70 years, veterans have received educational assistance through various "GI Bills," including the Servicemen's Readjustment Act of 1944, Pub. L. No. 78-346, 58 Stat. 284 (1944), and the Veterans' Educational Assistance Act of 1984 (Montgomery GI Bill), Pub. L. No. 98-525, Title VII, 98 Stat. 2553 (1984), now codified at chapter 30, title 38, U.S. Code. In June 2008, Congress enacted the most recent form of those benefits through the Post-9/11 Veterans Educational Assistance Act of 2008 (Post-9/11 GI Bill), Pub. L. No. 110-252, Title V, §§ 5001-5003, 122 Stat. 2357 (2008), codified at chapter 33 of title 38. VA's implementing regulations are codified at 38 C.F.R. §§ 52.9500- 9770 (2017).

The Post-9/11 GI Bill builds upon the system established by the Montgomery GI Bill and many of the eligibility determinations under Chapter 33 are defined by reference to Chapter 30. *See* 38 U.S.C. § 3323(a) (stating that, except as otherwise provided, the provisions of "sections 3034(a)(1) and 3680(c) shall apply to the provision of education assistance under this chapter"); *see also* 38 U.S.C. § 3034(a)(1) (stating that the provisions of 38 U.S.C. §§ 3470, 3471, 3474, 3476, 3482(a), 3483, 3485, as well as the provisions of 38 U.S.C. §§ 3670 *et seq.*, 3680 *et seq.* (with limited exceptions), "shall be applicable to the provision of educational assistance under this chapter"). For example, entitlement to Chapter 33 benefits depends on whether an eligible veteran is

pursuing a program of education that VA has approved for the purposes of Chapter 30.  38 U.S.C. § 3313(a)-(b).  Chapter 30, in turn, relies on the definition of a "program of education" found in 38 U.S.C. § 3452(b), which defines a "program of education" as, among other things, "any curriculum or combination of unit courses or subjects pursued at an educational institution which is generally accepted as necessary to fulfill the requirements for the attainment of a predetermined and identified educational, professional, or vocational objective."  38 U.S.C. § 3452(b); 38 U.S.C. § 3002(3)(A).

An eligible veteran is entitled to education benefits "while enrolled in a course of education offered by an educational institution only if such course is approved in accordance with the provisions of subchapter I of chapter 36 of this title."  38 U.S.C. § 3483.  An accredited standard college degree program at a public or not-for-profit proprietary educational institution that is accredited by an agency or association recognized for that purpose by the Secretary of Education is deemed to be an approved course of study.  38 U.S.C. § 3672(b)(2)(A).  In addition, a nonaccredited course of education—whether offered by a public, private, profit, or nonprofit educational institution—which has not been approved by the Secretary or a State approving agency may be approved if certain conditions are met.  38 U.S.C. § 3676.

For nonaccredited courses of education at institutions outside of the United States, "[a]n eligible veteran may not enroll in any course offered by [that] institution . . . unless that educational institution is an approved institution of higher learning and the course is approved by the Secretary."  38 U.S.C. § 3476.  VA will not approve a nonaccredited course of education, however, "if it is to be pursued in whole or in part by independent study."  38 U.S.C. § 3676(e); *see* 38 C.F.R. § 21.4254(d), 21.4267 (2017).  VA further defines "independent study" as a course that "consists of a prescribed program of study with provision for interaction between the student and the regularly employed faculty of the institution of higher learning . . . personally or through use of communications technology" that "is offered without any regularly scheduled, conventional classroom or laboratory sessions" but does not fall under certain exceptions, including student teaching and research necessary for the preparation of a thesis or dissertation.  38 C.F.R. § 21.4267(b)-(e).  A course is considered to be independent study in part if it has some standard scheduled class sessions and, when there are no scheduled classes, interaction is accomplished personally or through the use of

communications technology. 38 C.F.R. § 21.4267(b)(2). VA regulations state that independent study and distance learning are treated comparably, *see* 38 C.F.R. §§ 21.9625(b), 21.9635 (2017), and have commonalities of definition, *compare* 38 C.F.R. § 21.4267(b) (definition of independent study), *with* 38 C.F.R. § 21.9505 (deferring to similar definition in 20 U.S.C. § 1003(7)).

### 2. *The Board's Decision*

In the decision on appeal, the Board explained that the appellant was not enrolled in a standard degree program at an institution accredited by an agency or association recognized for that purpose by the Secretary of Education. R. at 9; *see* 38 U.S.C. § 3672(b)(2)(A). The Board noted that, despite the University's lack of accreditation, VA approved the Program on an in-residence basis. R. at 9; *see* R. at 633-64, 574-75. The Board found, however, that the appellant attended the course by distance learning, which is categorized as independent study under VA regulations. R. at 9; *see* R. at 684; *see also* 38 C.F.R. § 21.4267(b). Ultimately, the Board determined that the appellant was not entitled to Post-9/11 GI Bill benefits for his enrollment in the Program for the period from October 4, 2010, to September 30, 2012, as he pursued that course of study in whole or part by independent study. R. at 9; *see* 38 U.S.C. § 3676(e); 38 C.F.R. § 21.4254.

Throughout his briefs, the appellant appears to conflate three related determinations: first, VA's certification of his basic eligibility for Post-9/11 GI Bill benefits by virtue of the length and character of his service; second, VA's designation of the Program as an approved course of study; and third, VA's determination as to whether he was enrolled in an approved course of study and, thus, entitled to benefits. Appellant's Br. at 13-24; Reply Br. at 1-10. There is no question that the appellant is eligible to receive Chapter 33 benefits, as the August 24, 2010, Certificate of Eligibility states that he is entitled to 35 months and 6 days of "an approved program of education or training under the Post-9/11 GI Bill." R. at 689. Likewise, there is no dispute that the Program is an approved course of study "for in-residence training only." R. at 574. Thus, the only issue is whether the appellant was enrolled in an approved course of study. The Board correctly found that he was not enrolled in an approved course of study, because he completed the Program by distance learning. R. at 9; *see* 38 U.S.C. § 3676(e); 38 C.F.R. § 21.4254.

Although the Court is sympathetic to the appellant's situation, the Board's findings are supported by the law. Section 3676(e) and § 21.4254 make clear that Post-9/11 GI Bill education

benefits cannot be used to pay for a nonaccredited program at a foreign educational institution taken by distance learning. *See Sabonis v. Brown*, 6 Vet.App. 426, 430 (1994) (where law and not evidence is dispositive, claim should be denied or appeal terminated because of lack of legal merit or lack of entitlement under the law). The Court may not conclude that the Board erred when as a matter of law it determined that educational benefits for distance learning pursued at a foreign educational institution were not warranted as a matter of law.

B. Equitable Estoppel

The appellant first argues that the Court should consider its ability to administer equitable remedies and apply the principles of equitable estoppel to his case. Appellant's Br. at 16-24. The Court declines his invitation.

As the Court has clearly explained, "[t]he [U.S.] Supreme Court has held that the Appropriations Clause of the Constitution, U.S. Const. art. I, § 9, cl. 7, precludes the judiciary from ordering an award of public funds to a statutorily ineligible claimant on the basis of equitable estoppel." *Rosenberg v. Mansfield*, 22 Vet.App. 1, 5 (2007) (citing *OPM v. Richmond*, 496 U.S. 414, 430 (1990)), *aff'd sub nom. Rosenberg v. Peake*, 296 F. App'x 53 (Fed. Cir. 2008); *see McCay v. Brown*, 106 F.3d 1577, 1581 (Fed. Cir. 1997) (holding that equitable estoppel "is not available to grant a money payment where Congress has not authorized such a payment or the recipient doesn't qualify for such a payment under applicable statutes"). Thus, even if the Court were inclined to grant the appellant relief on the basis of equitable estoppel—though, to be clear, it is not—the Court could not lawfully do so in the absence of statutory entitlement. The remedy that the appellant seeks "is a monetary award against the U.S. government, and particularly where Congress has enacted an intricate and all-encompassing statutory scheme, such expenditures must be specifically authorized by statute." *Smith v. Gober*, 14 Vet. App. 227, 231 (2000), *aff'd sub nom. Smith v. Principi*, 281 F.3d 1384 (Fed. Cir. 2002) (citing *Malone v. Gober*, 10 Vet.App. 539, 542 (1997)); *see OPM*, 496 U.S. at 424. No statute or regulation in the comprehensive veterans benefits system authorizes the Secretary to pay education benefits for distance learning pursued at a foreign educational institution, and there is thus no legal basis for entitlement to the benefits the appellant seeks.

The appellant argues that the VA representative's August 6, 2010, email to the University was misleading, as it did not state that the Program was approved for in-resident training only,[3] and that "the subsequent approval of his VA Form 22-1990 for the online [] program mislead him to believe that it had been approved."[4] Appellant's Br. at 23-24. Assuming without deciding that the email was misleading, "'erroneous advice given by a government employee cannot be used to estop the government from denying benefits,'" *Johnson v. Brown*, 9 Vet.App. 369, 377 (1996) (quoting *McTighe v. Brown*, 7 Vet.App. 29, 30 (1994)). Put another way, even if a VA employee had erroneously informed him that he would be eligible for educational benefits for distance learning pursued at the University, "VA would not be bound to grant benefits due to this administrative error." *Owings v. Brown*, 8 Vet.App. 17, 23 (1995).

The appellant asserts that "VA repeatedly failed to respond to [his] application for his online [] program or to notify him of any disapproval in violation of 38 U.S.C. § 3471," Appellant's Br. at 23, however, his argument is misplaced. VA explicitly notified him of its denial of payment in the March 7, 2011, decision. R. at 662-65. Notably, VA did not receive a VA Form 22-1999, "Enrollment Certification," from the University until February 18, 2011. R. at 684. To the extent VA failed to notify the appellant prior to February 2011 – that is, after receiving the August 2010 application – that the on-line program was disapproved, the appellant nonetheless enrolled in the program without confirmation that his selected program was approved, and under the circumstances here the statute does not provide for an equitable remedy that would allow the award of benefits.

C. The Secretary's Equitable Powers

---

[3] The VA representative's August 6, 2010, email to the University's representative appears to be a notification to the University that the Program was an approved foreign program course of study for VA education benefits purposes generally but not an approval for this specific veteran's enrollment in that approved course of study. R. at 633-36.

[4] In response to the appellant's August 17, 2010, VA Form 22-1990, on August 24, 2010, VA issued a Certificate of Eligibility that informed him that he was entitled to 35 months and 6 days of "benefits for an approved program of education or training under the Post-9/11 GI Bill" and immediately followed this statement by informing him that "**[y]ou must take this letter to your school. Your school must certify your enrollment before you can get paid.**" R. at 689 (emphasis in original). VA issued the August 24, 2010, Certificate of Eligibility to the appellant before he began his studies at the University on October 4, 2010. *Compare* R. at 689-91, *with* R. at 684.

Finally, the appellant asks the Court to vacate the Board's decision and remand the case on the grounds that it provided an inadequate statement of reasons or bases by failing to discuss whether, pursuant to 38 C.F.R. § 2.7, the Board Chairman should have submitted a recommendation to the Secretary that this case be considered for equitable relief. Appellant's Br. at 24-26; *see* 38 C.F.R. § 2.7(c) (2017). The Court declines to do so.[5]

First, it is undisputed that the Secretary, and the Secretary alone, has the power to *grant* equitable relief where administrative error leads to a denial of benefits. 38 U.S.C. § 503; 38 C.F.R. § 2.7(a)-(b) (outlining the process for seeking equitable relief), (c) ("The authority to grant equitable relief . . . has not been delegated and is reserved to the Secretary."). Further, this Court's caselaw is clear that both the Board and the Court lack jurisdiction to review the grant of, or refusal to grant, equitable relief under section 503(a). *Darrow v. Derwinski*, 2 Vet.App. 303, 305 (1992) (holding "that the Board . . . lacks jurisdiction to review the exercise of authority under 38 U.S.C. § 503(a), or the refusal to exercise such authority, by the Secretary of Veterans Affairs"); *see Smith*, 14 Vet.App. at 231 (holding that "[t]he Secretary's authority to grant equitable relief under section 503 is wholly within the Secretary's discretion, and the Court lacks jurisdiction even to review the exercise of the Secretary's equity discretion"); *Zimick v. West*, 11 Vet.App. 45, 50 (1998); *McCay v. Brown*, 9 Vet.App. 193, 189 (1996). Indeed, although Congress specifically created a right of appeal to the Board as to decisions made under the authority of 38 U.S.C. § 511, there is no analogous statutory grant of jurisdiction to the Board to review a determination made under section 503(a).

---

[5] The Court has no authority to remand the case on the requested basis but is confused as to why the Board member failed both to convey the Board Chairman's ability to recommend the case for equitable relief and to encourage such a recommendation, given the facts of this case.

Similar to the power to grant equitable relief, questions regarding who may *recommend* equitable relief to the Secretary pursuant to § 2.7(c) are governed by section 503 and not section 511. 38 C.F.R. § 2.7 (stated authority as 38 U.S.C. §§ 503, 512). Accordingly, because section 511 does not govern the recommendation process for seeking equitable relief, the Board was not required to discuss that issue and its failure to do so cannot render its statement of reasons or bases inadequate. *See Wages v. McDonald*, 27 Vet.App. 233, 237 (2015) ("[A]lthough [the Court's] jurisdiction over VA benefits decisions is broad, a decision to award equitable relief under 38 U.S.C. § 503(a) is not a decision under section 511 and therefore not reviewable by the Board or subject to [the Court's] jurisdiction."); *Darrow*, 2 Vet.App. at 305 ("In defining the jurisdiction of the Board, Congress confined it to '[a]ll questions in a matter which under section [511(a)] of this title is subject to a decision by the Secretary . . . ' 38 U.S.C. § 7104(a)."); c*ompare* 38 U.S.C. §§ 511, 7104(a), *with* 38 U.S.C. § 503.[6]

As the Secretary's authority to grant equitable relief is discretionary, the Court will not remand this matter on the grounds that the Board failed to discuss whether equitable relief was warranted. *See Smith*, 14 Vet.App. at 231. However, as the Board explained, the appellant is free to seek equitable relief from the Secretary pursuant to the Secretary's authority under section 503.

### IV. CONCLUSION

On consideration of the foregoing analysis, the record on appeal, and the parties' pleadings, the Court's April 19, 2017, panel decision is WITHDRAWN, and this opinion is issued in its stead. The Board's January 13, 2015, decision is AFFIRMED.

GREENBERG, *Judge*, dissenting:

I respectfully dissent. Congress has aimed to provide veterans occupational freedom through broad access to educational benefits. The Servicemen's Readjustment Act of 1944, Pub. L. No. 78-

---

[6] Nevertheless, the Board acknowledged "what seems to be misleading information," R. at 9, and that "[i]t seems clear that if the [appellant] had received notice [that distance learning was not approved for the Program], it would have had a material impact on his decision to enroll in distances learning courses," R. at 10. Given the Board's characterization of events, it remains unclear why the Board member did not acknowledge in his decision that the Board Chairman has authority to recommend equitable relief to the Secretary and did not state that in this case he would encourage the Board Chairman to recommend equitable relief.

346, 58 Stat. 284 (1944), provided "the special benefits which are due to the members of our armed forces – for they have been compelled to make greater economic sacrifice and every other kind of sacrifice than the rest of us, and are entitled to definite action to help take care of their special problems." *See* Franklin D. Roosevelt: Statement on Signing the Servicemen's Readjustment Act of 1944, June 22, 1944 (citations omitted). The appellant is not excluded from this congressional mandate. While still on active duty, the appellant applied for Chapter 33 benefits stating:

> I am an active guard reserve (AGR) Judge Advocate Soldier serving on active duty with the U.S. Army. I anticipate retiring from active duty service [on or about] March 2011 [and] I would like to thereafter pursue a career in teaching. I am now hoping to prepare for such post-active duty career by taking some teaching credentialing courses in my off-duty hours.

R. at 719.

In denying the appellant these "special benefits," the Board failed to correctly apply the law, as I read it. The Board found that the "[v]eteran attended distance learning which is categorized as independent study under 38 C.F.R. § 21.4267." R. at 8. Nowhere in that regulation is "distance learning" mentioned, nor is there a bar to the basic concept. *See* 38 C.F.R. § 21.4267. The regulation bars educational benefits for any non-accredited course "offered in whole or in part by independent study," defining the term "independent study" as follows:

> (b) Definition of independent study.
> (1) VA considers a course to be offered entirely by independent study when--
> (i) It consists of a prescribed program of study with provision for interaction between the student and the regularly employed faculty of the institution of higher learning. The interaction may be personally or through use of communications technology, including mail, telephone, videoconferencing, computer technology (to include electronic mail), and other electronic means;
> (ii) *It is offered without any regularly scheduled, conventional classroom or laboratory sessions; and*
> (iii) It is not a course listed in paragraph (c), (d), or (e) of this section.
> (2) VA considers a course to be offered in part by independent study when--
> (i) It is not classified as one of the three types of courses listed in paragraph (c) of this section;
> (ii) It has some weeks when standard class sessions are scheduled; and
> (iii) It consists of independent study as defined in paragraph (b)(1) of this section during those weeks when there are no regularly scheduled class sessions.

38 C.F.R. § 21.4267(b) (emphasis added).

A veteran is not engaged in "independent study" merely because he attends a course online. Rather, to qualify as "independent study" under § 21.4267 a course must also be offered "without any regularly scheduled, conventional classroom or laboratory sessions." 38 C.F.R. § 21.4267(b)(1)(ii). As long as the appellant is planning on taking part in "regularly scheduled, conventional classroom or laboratory sessions," even online, the course should not have been considered "independent study." The fact that VA approved this course generally after the University submitted the requisite information suggests that the course was indeed "regularly scheduled." R. at 633. VA has repeatedly stated that distance learning is barred because it is considered "independent study." This is not so.

To the extent that the regulation can be read differently, "[a]mbiguity is a creature not of definitional possibilities but of statutory context." *Brown v. Gardner*, 115 S. Ct. 552, 555 (1994). Congress did not broadly exclude a veteran from pursuing independent study with Chapter 33 benefits. Rather, independent study is barred only if the educational institute is not accredited. *Compare* 38 U.S.C. § 3675, *with* 38 U.S.C. § 3676. The import of the statutory scheme is not that Congress wanted to prevent veterans from achieving educational goals without flexibility, but that it was worried about potential fraud and abuse of these benefits.

Although the regulatory definition of "independent study" has existed for 20 years, "[a] regulation's age is no antidote to clear inconsistency with a statute." *Brown*, 115 S. Ct. at 557. The fact that VA has interpreted its regulation as a general bar to distance learning is utterly inconsistent with the statutory context of congressional limitations on independent study. Accordingly, the Court should have remanded this case to the Secretary to correctly apply his regulation.